WILLIS v DEERFIELD TOWNSHIP

Docket Nos. 237539, 238250. Submitted February 11, 2003, at Detroit. Decided July 15, 2003, at 9:10 A.M.

Howard Willis brought an action in the Lapeer Circuit Court against Deerfield Township and the Deerfield Township Board, alleging a violation of the Open Meetings Act (OMA), MCL 15.261 *et seq.*, relating to the holding of a closed session by the board without the proper voting procedure and without a public statement of the purpose of the meeting. The court, Nick O. Holowka, J., held that the board's decision to meet in closed session was invalid because of the failure to record the vote in the minutes of the meeting and a correction was not made before the next meeting of the board. The court noted that the evidence showed that a proper vote had been taken but not recorded, that the defendants became aware of the omission at a subsequent meeting of the board, and that the board thereafter reenacted the vote at another meeting in complete conformance with the OMA. The court also found that the purpose for the closed meeting, to discuss pending litigation, fell within the closed-session provisions of the OMA. The court granted in part summary disposition for the plaintiff, on the basis of the alleged technical violation of the OMA. The court also granted in part summary disposition for the defendants, ruling that the reenactment by the board had cured the deficiency and that the effective date of the decision to meet in closed session was the date of the reenactment. The court awarded the plaintiff part of the costs and attorney fees requested. Appeals were brought by both parties from the court's rulings, and the appeals were consolidated.

The Court of Appeals *held*:

1. The trial court properly concluded that the closed session was conducted for a purpose within the closed-session provisions of the OMA.

2. The OMA provides that when an action is initiated to invalidate a decision of a public body that was not taken in conformity with the act, a reenactment may occur. MCL 15.263 does not provide for invalidation of a decision on the basis of a procedural error in the keeping of the minutes of a meeting. Deficiencies in the maintenance of meeting minutes do not provide grounds for invalidating

action taken by a public body. The court did not find that any non-compliance or failure impaired public rights under the OMA. The trial court erred in holding that invalidation of the original decision to meet in closed session was required. The decision is effective from the reenactment date and is not declared invalid because of the procedural deficiency. The trial court erred in granting partial summary disposition for the plaintiff. Because the plaintiff did not obtain relief in the action, the award of costs and attorney fees must be reversed.

Affirmed in part and reversed in part.

*Foster, Swift, Collins & Smith, P.C.* (by *William K. Fahey* and *Richard L. Hillman*), for the plaintiff.

*Taylor, Butterfield, Riseman, Clark, Howell & Churchill, P.C.* (by *Gary Howell* and *David J. Churchill*), for the defendants.

Before: GAGE, P.J., and WILDER and FORT HOOD, JJ.

PER CURIAM. In Docket No. 237539, defendants, Deerfield Township and Deerfield Township Board, appeal as of right from the trial court's order granting in part and denying in part plaintiff's motion for summary disposition pursuant to MCR 2.116(I)(2) on the basis of a technical violation of the Open Meetings Act (OMA), MCL 15.261 *et seq.*, and an award of costs and attorney fees. Plaintiff, Howard Willis, filed a cross-appeal from the trial court's order granting defendants' motion for summary disposition, alleging that the trial court erred in concluding that defendants were entitled to meet in closed session on the basis that the meeting was to discuss litigation strategy and disclosure of the strategy would have a detrimental financial effect. In Docket No. 238250, plaintiff challenges the trial court's failure to award the full amount of requested costs and attorney fees. We affirm the trial court's grant of summary disposition

in favor of defendants, reverse the trial court's grant of partial summary disposition pursuant to MCR 2.116(I)(2) in favor of plaintiff, and reverse the trial court's award of attorney fees and costs to plaintiff.

On March 12, 2001, plaintiff, a resident of Deerfield Township, filed this action against defendants alleging violations of the OMA. Specifically, plaintiff alleged that a two-thirds roll call vote was required for a public body to meet in closed session. On February 21, 2001, the minutes from the January 10, 2001, meeting held by defendant board revealed that a closed session was conducted without the required two-thirds roll call vote in accordance with the OMA. It was alleged that the closed session occurred without disclosure of the purpose of the session, and the purpose of the closed session was also omitted from the meeting minutes. Plaintiff sought an order compelling disclosure of the purpose of the closed session, invalidation of any decision rendered during the closed session, and an order enjoining defendants from further noncompliance with the OMA.

On March 27, 2001, defendants filed an answer to the complaint. It was alleged that, while the meeting minutes were silent, the two-thirds roll call vote was conducted. In fact, the decision to proceed into closed session was unanimous. It was further alleged that the decision to proceed into closed session was disclosed as arising from a need to discuss pending litigation. Defendants alleged that an inadvertent omission in the meeting minutes was corrected when the decision to proceed to closed session was reenacted. Defendants alleged that plaintiff need not incur additional costs and attorney fees in light of the cor-

rective action. Defendants requested dismissal of the action.

On April 27, 2001, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9) and (10). Plaintiff alleged that defendants' answer admitted the OMA violation. Plaintiff further alleged that any reenactment of the vote to proceed to closed session was "too little and too late" to evade the violation of the OMA. Plaintiff asserted that the proffered reason to proceed to closed session, the discussion of pending litigation, was insufficient to invoke the closed session requirements of the OMA. In support of the contention that a roll call vote did not occur before the board proceeded to closed session, affidavits were submitted. In his affidavit, plaintiff stated that he was present for the January 10, 2001, meeting and at no time was a roll call vote taken by defendant board to go into closed session. Two other meeting attendees, Robert Ranger and Larry Lockrey, also submitted affidavits that a roll call vote for closed session did not occur at the January 10, 2001, meeting.

Defendants answered the motion for summary disposition and requested summary disposition in their favor pursuant to MCR 2.116(I)(2). Defendants alleged that plaintiff had filed two other lawsuits against defendants.[1] During the January 10, 2001, meeting, plaintiff raised the issue of the costs of the litigation. At that time, defendant board voted unani-

---

[1] The complaints from the two other lawsuits are not contained in the lower court record. The allegations in this record state that plaintiff, a former member of the planning commission, challenged other activities by defendant board and filed suit to be reinstated to the commission. There is no evidence to dispute the allegation that one of these lawsuits requested equitable relief only, but the other lawsuit requested monetary damages.

mously and by roll call vote to proceed into closed session with their attorney to discuss the pending lawsuits. However, the meeting minutes did not reflect this action taken by defendants. As a result of the imperfection in the meeting minutes, defendant board reenacted its decision on March 21, 2001. Therefore, defendants alleged that the OMA was not violated. Defendants further asserted that the affidavits submitted by plaintiff, alleging the failure to act in accordance with the OMA, were false. The township clerk, Debra Oliver, had made a tape recording of the January 21, 2001, meeting. Oliver submitted an affidavit indicating that she had listened to the tape recording of the meeting and the tape recording indicated the roll call vote was taken and that there had been a disclosure that the purpose of the meeting was to discuss pending litigation.[2]

The trial court held that the decision to meet in closed session was invalidated due to the failure to record the vote in the meeting minutes. The trial court further held that defendant board reenacted the disputed decision at its March 21, 2001, meeting, and there was no dispute that this reenactment was in complete conformance with the OMA. The trial court rejected plaintiff's position that the reenactment occurred "too late," noting that the statute did not contain any time limitations on reenactments. Lastly, the trial court held that the discussion of the pending

---

[2] Plaintiff's reply brief abandoned any discussion regarding the affidavits and the activity at the January 10, 2001, meeting. Rather, plaintiff focused on the reenactment of the decision, asserting that it did not cure any defect, and that the discussion of pending litigation did not fall within the exceptions to the OMA. Thus, the validity of plaintiff's affidavits was not ruled upon by the trial court and is not an issue raised on appeal. The tape recording is not preserved in the record on appeal.

litigation fell within the closed session provisions of the OMA. The pending litigation addressed the millage and fire assessment for the year 2000. Therefore, the litigation could be discussed in closed session. The trial court denied plaintiff's motion for summary disposition and did not address defendants' request for summary disposition pursuant to MCR 2.116(I)(2).

On June 15, 2001, defendants filed their motion for summary disposition pursuant to MCR 2.116(C)(10). Defendants asserted that the subsequent reenactment to meet in closed session in conformance with the OMA warranted dismissal of plaintiff's complaint. Plaintiff opposed the motion for summary disposition. In his pleading, plaintiff distinguished his two other lawsuits against defendants. Plaintiff alleged that the case pending at the time of the January 2001 meeting involved a claim for equitable, not monetary, relief. Plaintiff further alleged that he had filed a second action that did request monetary damages, but the complaint regarding that litigation had not yet been served on defendants at the time of the meeting. And, therefore, the second litigation could not have been the subject matter of the closed session, and the closed session did not fall within the financial detriment exception to the closed session requirements of the OMA. Consequently, plaintiff requested summary disposition in his favor pursuant to MCR 2.116(I)(2). In response to plaintiff's pleading, defendants filed an affidavit from township attorney Gary W. Howell. In the affidavit, Howell asserted that, while the complaint from the litigation requesting monetary relief had not been served at the time of the meeting, a newspaper reporter had advised him of the litigation.

Consequently, Howell had reviewed the complaint in the court file before the meeting.

The trial court issued a written opinion and order. The trial court concluded that the decision to meet in closed session was invalidated because the correction to the meeting minutes was not made before the next scheduled meeting. Thus, the trial court granted in part plaintiff's motion for summary disposition. The trial court further held that the reenactment of the January 10, 2001, decision at the March 21, 2001, meeting cured the deficiency. Lastly, the stated purpose for the closed session, to discuss pending litigation, involved a financial detriment that fell within the exception to the OMA requirements. Accordingly, the trial court granted defendants' motion for summary disposition, but concluded that the effective date for the decision to meet in closed session was March 21, 2001, the date of the reenactment.

The parties could not agree to entry of an order because the order proposed by defendants did not address attorney fees and costs. Plaintiff alleged that he had prevailed on the merits because the trial court concluded that a technical violation of the OMA had occurred. The trial court held that, under the spirit of the OMA, attorney fees and costs were permitted for a party who proves the occurrence of a technical violation. Consequently, plaintiff was directed to submit a bill of costs, and the parties were informed that they could return if there was a disagreement. The bill of attorney fees and costs submitted by plaintiff requested $18,803.79. At the hearing regarding the objections to the requested amount, plaintiff submitted an updated request for $21,179.49. Defendants' objection was premised upon plaintiff's alleged sub-

mission of false affidavits and the fact that a technical violation had occurred in the preparation of the minutes only, not the conduct of the meeting. Furthermore, the fee was grossly disproportionate to the severity of the violation alleged. Because plaintiff did not prevail on all the issues and a reenactment had occurred upon notice of the deficiency, defendants alleged that an award was not permissible. Alternatively, defendants requested that any award be prorated to reflect the extent that plaintiff was successful. Plaintiff's counsel requested the full amount of attorney fees and costs. The trial court awarded $2,850 plus costs, determining that this amount was reasonable and necessary. Both parties filed claims of appeal from the trial court's rulings, and the appeals were consolidated by order of this Court.

### I. APPLICABLE REVIEW STANDARDS

The trial court's grant or denial of summary disposition is reviewed de novo. *Stone v Michigan*, 467 Mich 288, 291; 651 NW2d 64 (2002). This issue also presents a question of statutory construction. Issues of statutory construction present questions of law that are reviewed de novo. *Cruz v State Farm Mut Automobile Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). This determination is accomplished by examining the plain language of the statute itself. *Id.* If the statutory language is unambiguous, appellate courts presume that the Legislature intended the meaning plainly expressed and further judicial construction is neither permitted nor required.

*DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000). Statutory language should be reasonably construed, keeping in mind the purpose of the statute. *Draprop Corp v Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001). If reasonable minds could differ regarding the meaning of a statute, judicial construction is appropriate. *Adrian School Dist v Michigan Pub School Employees' Retirement Sys*, 458 Mich 326, 332; 582 NW2d 767 (1998). When construing a statute, a court must look at the object of the statute in light of the harm it is designed to remedy and apply a reasonable construction that will best accomplish the Legislature's purpose. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994).

## II. OPEN MEETINGS ACT

Pursuant to the OMA, all meetings of a public body[3] shall be open to the public and shall be held in a place available to the general public. MCL 15.263(1). A meeting of a public body shall not be held unless public notice is given. MCL 15.265. A session by a public body may be closed if the following conditions are satisfied:

> A 2/3 roll call vote of members elected or appointed and serving is required to call a closed session, except for the closed sessions permitted under section 8(a), (b), (c), (g), (i), and (j). The roll call vote and the purpose or purposes for calling the closed session shall be entered into the minutes of the meeting at which the vote is taken. [MCL 15.267(1).]

---

[3] The parties do not dispute that defendant board constitutes a public body pursuant to the OMA.

MCL 15.268 provides that a public body may meet in a closed session for specific delineated purposes. The exemption at issue in this case is MCL 15.268(e), which provides:

> To consult with its attorney regarding trial or settlement strategy in connection with specific pending litigation, but only if an open meeting would have a detrimental financial effect on the litigating or settlement position of the public body.

The rules addressing summary disposition are well established. Appellate review of summary disposition is de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The moving party has the initial burden to support its claim to summary disposition by affidavits, depositions, admissions, or other documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The burden then shifts to the nonmoving party to demonstrate that a genuine issue of disputed fact exists for trial. *Id.* To meet this burden, the nonmoving party must present documentary evidence establishing the existence of a material fact, and the motion is properly granted if this burden is not satisfied. *Id.* Affidavits, depositions, and documentary evidence offered in opposition to a motion shall be considered only to the extent that the content or substance would be admissible as evidence. MCR 2.116(G)(6); *Maiden, supra.* Mere conclusory allegations that are devoid of detail are insufficient to demonstrate that there is a genuine issue of material fact for trial. See *Quinto, supra* at 371-372.[4]

---

[4] Plaintiff, as the appellant with respect to the propriety of summary disposition in favor of defendants, had the duty to file with the trial court all transcripts of testimony and other proceedings. *Band v Livonia Assoc,*

Regarding the burden of proof addressing an exemption under the OMA, exemptions are to be narrowly construed, and the burden of proof rests with the party asserting an exemption. *Manning v East Tawas*, 234 Mich App 244, 250; 593 NW2d 649 (1999).

The trial court held that the closed session was conducted pursuant to an acceptable exemption to the OMA because an open meeting could have had a detrimental financial effect. The trial court noted that the litigation to be discussed in closed session involved financial issues addressing millage and fire assessment. Plaintiff did not submit documentary evidence to counter the trial court's conclusion. *Quinto, supra.* Furthermore, although plaintiff may have requested only equitable relief in the first lawsuit, township finances nevertheless were clearly implicated. Expenditures to defend the litigation would be incurred even if a verdict did not result in a financial loss. Additionally, defendant board may have discussed the likelihood of success on the merits of the case but, in light of the cost of defending against the litigation, concluded that it was best to settle the lawsuit despite the likelihood of an outcome in its favor.

Plaintiff's contention, that the complaint regarding the second lawsuit requesting monetary damages had not yet been served at the time of the January 10, 2001, meeting, does not create a question of fact regarding the closed session exemption. Attorney Howell submitted an affidavit addressing his review of the complaint after being alerted to the filing by a newspaper reporter. Plaintiff did not present any doc-

---

176 Mich App 95, 103-104; 439 NW2d 285 (1989). The trial court had the benefit of the closed session meeting minutes and Howell's deposition testimony. Those items have not been preserved in the record on appeal.

umentary evidence to contradict Howell's affidavit. *Quinto, supra.* Plaintiff's argument is one of form over substance, the date of service of the lawsuit as opposed to the ability of a citizen to review public files in a courthouse. Additionally, plaintiff did not present documentary evidence refuting the allegation that the second lawsuit could possibly have a detrimental financial effect. *Id.*

Furthermore, in *Manning, supra,* this Court addressed the exemption at issue in this case and concluded that, although exemptions in the OMA are narrowly construed, the statute did not permit a strained construction adverse to legislative intent. Ultimately, this Court held that "[w]e conclude that subsection 8(e) exists for the obvious purpose of allowing a public body to prepare for litigation without having to broadcast its trial or settlement strategy to the opposition along with the rest of the general public." *Manning, supra* at 251. Thus, while plaintiff focuses on proof of detrimental financial effect, this Court's interpretation emphasizes the detrimental effect of release of trial or settlement strategy in a general public meeting. Therefore, the trial court properly concluded that the purpose of the closed session was in accordance with MCL 15.268(e). *Manning, supra.*

In order to address the parties' dispute regarding the award of costs and attorney fees, we must address the trial court's invalidation of any decision adopted during the closed meeting of January 10, 2001. MCL 15.269 provides that the meeting minutes must reflect the roll call to proceed to a closed session. However, by statute, when an action is initiated to invalidate a decision that is not taken in conform-

ity with the act, reenactment may occur. MCL
15:270(5). When the public body reenacts a disputed
decision in conformity with the act, the action is not
deemed an admission against interest. *Id.* However,
the Legislature has restricted the decision to invali-
date to limited circumstances. MCL 15.270(2)
provides:

> A decision made by a public body may be invalidated if
> the public body has not complied with the requirements of
> section 3(1), (2), and (3) in making the decision or if failure
> to give notice in accordance with section 5 has interfered
> with substantial compliance with section 3(1), (2), and (3)
> and the court finds that the noncompliance or failure has
> impaired the rights of the public under this act.

The plain language of the statute provides for invali-
dation where section 3 of the act is violated. *In re
MCI, supra.* Section 3, MCL 15.263, governs open
meetings and attendance by members of the public
where deliberations are held by a quorum of the
members of a public body. MCL 15.263 does not pro-
vide for invalidation of a decision premised on a pro-
cedural error in the keeping of the meeting minutes.
Indeed, deficiencies in the maintenance of meeting
minutes do not provide grounds for invalidating
action taken by a public body. *Manning, supra* at
252-253 ("[D]eficiencies in the keeping of minutes of
meetings are, in any event, not grounds for invalidat-
ing the actions taken."). Furthermore, the trial court
did not make a finding that any noncompliance or
failure impaired public rights under the act. MCL
15.270(2). Consequently, the trial court erred in con-
cluding that invalidation of the January 10, 2001, deci-
sion to proceed in closed session was required. MCL

15.270(5) is instructive regarding the effect of reenactments:

> In any case where an action has been initiated to invalidate a decision of a public body on the ground that it was not taken in conformity with the requirements of this act, the public body may, without being deemed to make any admission contrary to its interest, reenact the disputed decision in conformity with this act. A *decision reenacted in this manner shall be effective from the date of reenactment and shall not be declared invalid by reason of a deficiency in the procedure used for its initial enactment.* [Emphasis added.]

In the present case, defendants acted in accordance with the provisions of MCL 15.270(5). When alerted to a deficiency in the minutes from the January 10, 2001, meeting, defendant board reenacted the decision. Pursuant to the plain language of the statute, *In re MCI, supra,* the decision is effective from the date of reenactment, March 21, 2001, and is not declared invalid because of the procedural deficiency. Thus, the trial court erred in concluding that plaintiff was entitled to partial summary disposition and a declaration of invalidity on the basis of a defect in the meeting minutes. MCL 15.270(5); *Manning, supra.*

The OMA contains a provision governing an award of costs and attorney fees. MCL 15.271(4) provides:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action. [Emphasis added.]

In *Felice v Cheboygan Co Zoning Comm,* 103 Mich App 742, 744; 304 NW2d 1 (1981), the parties agreed

that the only issue was whether there was an impairment of public rights because the parties had stipulated that injunctive relief was denied. On appeal, this Court denied the request for attorney fees and costs, noting that success in obtaining relief *in the action* was required:

> We find that plaintiffs are not entitled to court costs and actual attorney fees under the meaning of subsection (4) set out above because they have not succeeded in "obtaining relief in the action." Although there was an admitted violation of the act by the defendants, plaintiffs withdrew their claim for injunctive relief by stipulation prior to or at the hearing in this matter. No court order or judgment was entered compelling compliance, enjoining noncompliance, or invalidating any decision of defendants. Plaintiffs' abandonment of the invalidation action and withdrawal by stipulation of their claim for injunctive relief obviated the necessity for the court to make a finding and order such relief.
>
> Where possible, effect must be given to each word and phrase when interpreting a statute. Some meaning must be attributed to the phrase "relief in the action." The Legislature did not use the phrase "because of the action," nor did they simply require that a party be successful in obtaining "relief." In choosing the words "in the action," the Legislature intended to restrict the circumstances under which a plaintiff would be entitled to costs and actual attorney fees. We would require a party seeking such relief to show more than that, after an action was brought under the Open Meetings Act, a defendant acted in a manner consistent with plaintiff's prayer for relief. [*Id.* at 746 (citations omitted).]

In *Felice, supra,* this Court applied the plain language of the statute to conclude that a plaintiff must obtain relief in the action. In the present case, the trial court did not grant plaintiff relief as a result of the deficiency in the meeting minutes and the trial court

erred in characterizing the deficiency in the meeting minutes as warranting invalidation.[5]

In *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 221-222; 507 NW2d 422 (1993), the Supreme Court noted that the OMA was designed to foster accountability and openness in government. However, without enforcement mechanisms, there was nothing to deter noncompliance. Therefore, the 1968 statute was amended in 1976 and heralded as

> a means of promoting responsible decision making. Moreover, it also provided a way to educate the general public about policy decisions and issues. It fostered belief in the efficacy of the system. Legal commentators noted that "[o]pen government is believed to serve as both a light and disinfectant in exposing potential abuse and misuse of power. The deliberation of public policy in the public forum is an important check and balance on self-government." [*Id.* at 223 (citation omitted).]

In this case, the OMA was not utilized as a shield against potential abuse of power, but rather as a sword by plaintiff. When alerted to a deficiency in the meeting minutes, defendants advised plaintiff that the defect had been cured. Despite this corrective action for a technicality that would not result in invalidation, two dispositive motions and four court hearings were held before the trial court. In the end, plaintiff did not obtain relief in the action. *Felice, supra.* Accordingly,

---

[5] We note that appellate decisions have extended recovery of court costs and attorney fees to include both actions for injunctive relief and actions for declaratory relief. *Kitchen v Ferndale City Council*, 253 Mich App 115, 128; 654 NW2d 918 (2002); *Schmiedicke v Clare School Bd*, 228 Mich App 259, 267; 577 NW2d 706 (1998). In the present case, plaintiff was not entitled to either injunctive or declaratory relief.

the trial court's award of court costs and attorney fees is reversed.

Affirmed in part and reversed in part. We do not retain jurisdiction.