731 N.W.2d 787 (2007)
Joseph A. LEEMREIS and Lori M. Leemreis, Plaintiffs-Appellees,
v.
SHERMAN TOWNSHIP, Defendant-Appellant, and
Randy Chupp and Art Laws, Defendants.
Joseph A. Leemreis and Lori M. Leemreis, Plaintiffs-Appellants/Cross-Appellees,
v.
Sherman Township, Defendant-Appellee/Cross-Appellant, and
Randy R. Chupp and Art C. Laws, Defendants.
Sherman Township, Plaintiff-Appellee/Cross-Appellant,
v.
Joseph A. Leemreis and Lori M. Leemreis, Defendants-Appellants/Cross-Appellee.
Docket Nos. 261887, 263667 and 263808.
Court of Appeals of Michigan.
Submitted January 19, 2007, at Grand Rapids.
Decided January 23, 2007, at 9:05 a.m.
Released for Publication April 11, 2007.
*788 Joseph A. Leemreis and Lori M. Leemreis in propria persona.
Nelson, Kreuger & Schrotenboer, P.C. (by James R. Nelson), Hudsonville, for Sherman Township.
Before: MURPHY, P.J., and SMOLENSKI and KIRSTEN FRANK KELLY, JJ.
PER CURIAM.
In these consolidated appeals, Sherman Township appeals as of right the trial court's order denying its motion for summary disposition and a subsequent order awarding costs and attorney fees to Joseph A. Leemreis and Lori M. Leemreis. The *789 Leemreises appeal as of right, contending that the trial court should have awarded them more costs and attorney fees. We affirm in part, reverse in part, and vacate the trial court's order awarding costs and attorney fees to the Leemreises.

I. Facts
In April or May of 2003, the Leemreises applied to the Sherman Township Planning Commission for approval of a four-foot side-yard variance and a ten-foot setback variance for a pole barn they planned to build on their property. The Leemreises obtained the variances requested and proceeded with construction. After a dispute with a neighbor, the Leemreises applied for and received, on August 12, 2003, approval for a six-foot side-yard variance instead of the four-foot side-yard variance. Later in August 2003, however, the neighbor filed an appeal of the decision to grant the six-foot side-yard variance. On September 8, 2003, the Sherman Township Zoning Board of Appeals (ZBA) held a meeting that was attended by 35 or 40 members of the public who voiced strong opinions about the decision on appeal. The meeting was videotaped by a police officer. Following extensive public input, the ZBA chairman, Randall Chupp, stated either that the meeting was closed for public comment or was closed to the public. It is undisputed, however, that after the announcement, public attendees were cleared from the room. The ZBA decided to "go with the 6-foot side yard set back and 10-foot set back from the right of way. Also, building not to exceed 20-feet in height to comply with [Township Ordinance] 13.1-2." Because the Leemreises' building already exceeded the height limitation, they sought reconsideration of the decision to no avail.
On October 22, 2003, Sherman Township filed a complaint against the Leemreises, seeking to enforce the township's zoning and building code ordinances.[1] On October 27, 2003, the Leemreises filed a complaint that included one count appealing the September 8, 2003, decision. In the second count, the Leemreises alleged that Chupp and board member Art Laws intentionally violated the Open Meetings Act, MCL 15.261 et seq., and that Sherman Township violated the OMA by closing the September 8, 2003, meeting to the public. They requested that the trial court invalidate the September 8, 2003, decision.
Beginning on December 23, 2003, and continuing on February 18, 2004, the ZBA reenacted the September 8, 2003, decision as authorized by the OMA. In this reenacted decision, the ZBA affirmed the August 12, 2003, variance and denied the neighbor's appeal.
On July 12, 2004, a stipulated order was entered dismissing the Leemreises' claim of appeal, leaving only their claims under the OMA. On July 28, 2004, Sherman Township filed a motion for summary disposition, in which it argued that the Leemreises' claims under the OMA should be dismissed. It argued that the relief the Leemreises sought was invalidation of the September 8, 2003, decision and, because the decision was reenacted, it could no longer be invalidated. Sherman Township also contended that the claim of intentional violation should be dismissed because the reenactment cured the original decision or rendered it a nullity and, therefore, any violation, even if intentional, was also cured or rendered a nullity. Sherman Township argued that, if the decision could no longer be invalidated and any violation was rendered a nullity, the case must be dismissed with no basis for awarding costs or attorney fees.
*790 The Leemreises responded to Sherman Township's motion, arguing first that intentional violation of the OMA is a separate cause of action that cannot be undone by a reenactment and results in a separate request for damages and a right to costs and attorney fees. The Leemreises also contended that the reenactment ensued only because they filed a lawsuit, and the legislative intent of the OMA would be thwarted if a public body could avoid paying costs and attorney fees by reenacting a violative meeting at any point during a lawsuit. They further asserted that when a trial court declares that the OMA has been violated, regardless of whether it grants injunctive relief, costs and attorney fees may be awarded.
In a written opinion, the trial court ruled that the reenactment did not preclude the Leemreises from obtaining relief, stating that they were also "seeking a declaration from the Court that the meeting of September 8, 2003 violated the `OMA.'" The trial court determined that injunctive relief and a determination of an OMA violation are "two distinct options for relief set forth in the statute," and, while the reenactment made injunctive relief unnecessary, the Leemreises still sought an adjudication of whether Sherman Township violated the OMA. Additionally, the trial court stated that the claim of intentional violation by Chupp and Laws, while also subject to the above analysis, was a separate cause of action that was unaffected by the reenactment provision.
The case proceeded to trial on the issues of whether Sherman Township violated the OMA and whether Chupp and Laws intentionally violated the OMA. The trial court ruled:
At issue is whether a part of a meeting of the Sherman Township Board of Appeals of September 8, 2003 was closed to the public in violation of the Open Meetings Act.
At the conclusion of public comment Defendant Randy Chupp, as chairperson, made an announcement and the public left the meeting. Later, Mr. Chupp went outside the township hall and invited persons outside to come in to hear the decision of the board.
I find that Mr. Chupp's announcement was: "Meeting is closed . . . Meeting closed to the public." My finding is based on a video tape of the hearing, testimony and the unusual departure of the public at this announcement.
I find that Defendant Chupp did not intentionally violate the Open Meetings Act. He intended to close the meeting for public comment and he believes that is what he said. Defendant Art Laws, board member, believed that Chairperson Chupp closed the meeting for public comment and did not intentionally violate the Open Meetings Act.
Therefore, judgment for Plaintiffs Joseph A. Leemreis and Lori M. Leemreis is found against Defendant Sherman Township for violation of the Michigan Open Meetings Act with statutory costs in favor of plaintiffs.
It is further ordered that the complaint against Defendants Randy Chupp and Art Laws is dismissed.
Subsequently, the Leemreises filed a bill of costs, to which Sherman Township filed an objection. After conducting a hearing, a successor judge entered a written opinion and order. Quoting MCL 15.271(4), he stated:
As quoted above, [the] LEEMREIS[ES]' prayer for relief asked that the decision of the Zoning Board of Appeals be invalidated. They did not ask the court to compel compliance or to enjoin further noncompliance with the OMA. They did not succeed in obtaining relief in the action except for the [ruling] that there had been a violation of the *791 OMA and they were entitled to statutory costs. The reenactment of February 18, 2004 corrected any claimed violation of the OMA. The LEEMREIS[ES] gained nothing by pursuing the OMA action. . . .
* * *
The LEEMREIS[ES] are entitled to actual attorney fees incurred up to the February 18, 2004 meeting because of the violations of [the] OMA on September 8, 2003. They were not happy with the February decision, but any violations of [the] OMA on September [8] were corrected on February 18, 2004.
Sherman Township appeals as of right the trial court's order denying its motion for summary disposition and the order awarding costs and attorney fees to the Leemreises. The Leemreises also appeal as of right, contending that the trial court should have granted them attorney fees for the entire action, not just up to the reenactment, and also should have awarded them costs and attorney fees for their appeal of the September 8, 2003, decision as well as for defending Sherman Township's enforcement action.

II. Analysis

A. Standard of Review
We review de novo a trial court's decision on a motion for summary disposition. Dressel v. Ameribank, 468 Mich. 557, 561, 664 N.W.2d 151 (2003). Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence submitted by the parties, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. Veenstra v. Washtenaw Country Club, 466 Mich. 155, 164, 645 N.W.2d 643 (2002).
This appeal also presents a question of statutory interpretation.
Issues of statutory construction present questions of law that are reviewed de novo. The primary goal of statutory interpretation is to give effect to the intent of the Legislature. This determination is accomplished by examining the plain language of the statute itself. If the statutory language is unambiguous, appellate courts presume that the Legislature intended the meaning plainly expressed and further judicial construction is neither permitted nor required. Statutory language should be reasonably construed, keeping in mind the purpose of the statute. If reasonable minds could differ regarding the meaning of a statute, judicial construction is appropriate. When construing a statute, a court must look at the object of the statute in light of the harm it is designed to remedy and apply a reasonable construction that will best accomplish the Legislature's purpose. [Willis v. Deerfield Twp., 257 Mich.App. 541, 548-549, 669 N.W.2d 279 (2003) (citations omitted).]

B. Statutory Analysis
To properly address the issues on appeal, it is first necessary to review the relevant sections of the OMA and consider whether and how they work together. MCL 15.270 addresses decisions of a public body. It provides in relevant part:
(1) Decisions of a public body shall be presumed to have been adopted in compliance with the requirements of this act. The attorney general, the prosecuting attorney of the county in which the public body serves, or any person may commence a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of this act.

(2) A decision made by a public body may be invalidated if the public body has not complied with the requirements of *792 section 3(1), (2), and (3) in making the decision or if failure to give notice in accordance with section 5 has interfered with substantial compliance with section 3(1), (2), and (3) and the court finds that the noncompliance or failure has impaired the rights of the public under this act. [MCL 15.270(1)-(2) (emphasis added).]
It is in this section that we also find the subsection permitting reenactment:
(5) In any case where an action has been initiated to invalidate a decision of a public body on the ground that it was not taken in conformity with the requirements of this act, the public body may, without being deemed to make any admission contrary to its interest, reenact the disputed decision in conformity with this act. A decision reenacted in this manner shall be effective from the date of reenactment and shall not be declared invalid by reason of a deficiency in the procedure used for its initial enactment. [MCL 15.270(5) (emphasis added).]
There is no provision for costs and attorney fees in this section.
However, in the following section, MCL 15.271, the Legislature provided a distinctly different cause of action against public bodies for noncompliance with the act:
(1) If a public body is not complying with this act, the attorney general, prosecuting attorney of the county in which the public body serves, or a person may commence a civil action to compel compliance or to enjoin further noncompliance with this act. [MCL 15.271(1) (emphasis added).]
This section contains a provision allowing costs and attorney fees, which states:
(4) If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action. [MCL 15.271(4).]
MCL 15.273, meanwhile, sets forth a third and distinctly different cause of action against a public official who intentionally violates the act. It provides:
(1) A public official who intentionally violates this act shall be personally liable in a civil action for actual and exemplary damages of not more than $500.00 total, plus court costs and actual attorney fees to a person or group of persons bringing the action.
(2) Not more than 1 action under this section shall be brought against a public official for a single meeting. . . .
(3) An action for damages under this section may be joined with an action for injunctive or exemplary relief under section 11. [MCL 15.273(1)-(3).]
Accordingly, these sections provide for three distinct types of relief. MCL 15.270(1) permits a person to "commence a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of this act." Under this section, a person can seek invalidation of the decision and there is no provision for costs or attorney fees. MCL 15.271(1) permits a person to "commence a civil action to compel compliance or to enjoin further noncompliance with this act." Under this section, a person who commences "a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act" and obtains "relief in the action" shall recover costs and attorney fees for the action. MCL 15.271(4). MCL 15.273 permits a person to bring a claim against a public official for an intentional violation of the OMA and, if the public official did intentionally violate the OMA, he or she is liable for actual and exemplary damages of not *793 more than $500 total "plus court costs and actual attorney fees to a person or group of persons bringing the action." MCL 15.273(1). None of these sections refers to either of the other sections. Reading the OMA as a whole, it appears that these sections, and the distinct kinds of relief that they provide, stand alone.
Considering the Leemreises' complaint in light of this analysis, it is clear that they filed only two of the three types of actions provided in the OMA: against Chupp and Laws, they claimed an intentional violation of the OMA, and against Sherman Township, they sought invalidation of the September 8, 2003, decision. We address each claim in turn.

C. Application of the Law to the Facts

1. Intentional Violation, MCL 15.273
The trial court did not err in proceeding to trial on the claim against Chupp and Laws for an intentional violation because that claim was a separate cause of action pursuant to MCL 15.273 that was not affected by the reenactment. Sherman Township, in its motion for summary disposition, suggested that the reenactment cured even an intentional violation and, therefore, precluded the claim pursuant to MCL 15.273. However, Sherman Township cites no caselaw supporting this assertion, and a plain reading of the OMA mandates the opposite conclusion.
MCL 15.273(1) provides: "A public official who intentionally violates this act shall be personally liable in a civil action for actual and exemplary damages of not more than $500.00 total, plus court costs and actual attorney fees to a person or group of persons bringing the action." (Emphasis added.) Accordingly, this provision mandates personal liability for a public official who intentionally violates the OMA. A reenactment by a public body does not affect this liability. MCL 15.270(5) provides for reenactment only "[i]n any case where an action has been initiated to invalidate a decision of a public body on the ground that it was not taken in conformity with the requirements of this act. . . ." It does not provide that a public body can reenact a meeting where an action has been initiated against a public official for an intentional violation of the OMA. Finally, nothing in MCL 15.273 indicates that a public body's reenactment pursuant to 15.270(5) affects an action brought against a public official for an intentional violation of the OMA.
For these reasons, we conclude that the trial court did not err in proceeding to trial to determine whether Chupp and Laws intentionally violated the OMA, regardless of the reenactment. Although the trial court did not err in proceeding to trial on the claims against Chupp and Laws, it found that they did not intentionally violate the OMA. This finding has not been appealed. Accordingly, there was no basis for the trial court to award costs and attorney fees pursuant to MCL 15.273, and it properly did not. Therefore, we affirm the trial court's order denying Sherman Township's motion for summary disposition of the claims against Chupp and Laws.

2. Invalidation, MCL 15.270
The trial court erred in denying Sherman Township's motion to dismiss the Leemreises' invalidation claim because after the September 8, 2003, decision was reenacted and could no longer be invalidated, the trial court could not proceed to trial to determine whether Sherman Township violated the OMA in the September 8, 2003, decision solely for the purpose of determining whether it would be liable for costs and attorney fees under MCL 15.271(4).
A plain reading of the statute supports the conclusion that once the September 8, 2003, meeting was reenacted, the trial court could no longer invalidate it. The statute and caselaw are clear that *794 once a decision is reenacted, it "shall not be declared invalid by reason of a deficiency in the procedure used for its initial enactment," MCL 15.270(5), and it "stands untainted by procedural deficiency," Manning v. City of East Tawas, 234 Mich.App. 244, 252, 593 N.W.2d 649 (1999). If a plaintiff seeks invalidation and a subsequent reenactment precludes invalidation, there is no longer any actual controversy within the context of the case. The actual controversy requirement of MCR 2.605 "requires that the Court not decide moot questions in the guise of giving declaratory relief," Dep't of Social Services v. Emmanuel Baptist Preschool, 434 Mich. 380, 470, 455 N.W.2d 1 (1990) (opinion by Boyle, J.), because moot cases "present[] only abstract questions of law that do not rest upon existing facts or rights," BP 7 v. Bureau of State Lottery, 231 Mich.App. 356, 359, 586 N.W.2d 117 (1998). In the absence of an actual controversy, the trial court lacks subject-matter jurisdiction to enter a declaratory judgment. McGill v. Automobile Ass'n of Michigan, 207 Mich. App. 402, 407, 526 N.W.2d 12 (1994). In this case, once the reenactment took place and the September 8, 2003, decision was cured of any defect, the question whether there was a violation was rendered moot. The trial court erred in considering this moot issue in the guise of granting declaratory relief and, because there was no longer any case in controversy, lacked subject-matter jurisdiction over the matter.
Even if the trial court did not err in proceeding to trial on the Leemreises' invalidation claim, it erred in awarding costs and attorney fees pursuant to MCL 15.271(4). As discussed above, MCL 15.271(4) is found in the section allowing injunctive actions. It states:
If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.
Accordingly, there are three requirements for obtaining costs and attorney fees under this subsection: (1) a public body must not be complying with the act, (2) a person must commence a civil action against the public body "for injunctive relief to compel compliance or to enjoin further noncompliance with the act," and (3) the person must succeed in "obtaining relief in the action." The Leemreises never commenced a civil action under MCL 15.271 against Sherman Township "for injunctive relief to compel compliance or enjoin further noncompliance with the act"; rather, they asserted that Sherman Township violated the OMA by closing the September 8, 2003, meeting and requested that the decision rendered in that meeting be invalidated under MCL 15.270, which does not provide for costs and attorney fees. Therefore, even if the trial court properly entered declaratory relief, it erred in awarding the Leemreises costs and attorney fees under MCL 15.271(4).
The Leemreises contend that there is a line of cases supporting a conclusion to the contrary. In Herald Co., Inc. v. Tax Tribunal, 258 Mich.App. 78, 81, 669 N.W.2d 862 (2003), the plaintiff sought declaratory and injunctive relief regarding the defendants' alleged violations of the OMA. The trial court granted summary disposition in the plaintiff's favor, but did not grant injunctive relief. Id. at 82, 669 N.W.2d 862. A successor judge later awarded the plaintiff costs and attorney fees. Id. The defendants appealed the award pursuant to MCL 15.271(4), arguing that for the trial court to have properly awarded such costs and fees, there must have been proof of injury and injunctive relief granted. Id. at *795 91, 669 N.W.2d 862. This Court disagreed, stating:
The plain language of the statute simply states that plaintiff need only "succeed[ ] in obtaining relief in the action" in order to recover court costs and attorney fees. Contrary to defendants' assertions, neither proof of injury nor issuance of an injunction is a prerequisite for the recover of attorney fees under the OMA. [Id. at 92, 669 N.W.2d 862 (citation omitted).]
In Nicholas v. Meridian Charter Twp. Bd., 239 Mich.App. 525, 527, 609 N.W.2d 574 (2000), the trial court found that the defendants violated the OMA, but dismissed the plaintiffs' claims for invalidation, injunction, and intentional violation. This Court first agreed that the defendants violated the OMA. Id. at 532, 609 N.W.2d 574. Then it determined that the trial court did not err in refusing to invalidate the defendant's decision, nor did it err in declining to grant injunctive relief. Id. at 532-534, 609 N.W.2d 574. Nonetheless, this Court went on to hold that "the trial court declared that defendants violated the OMA. This constitutes declaratory relief, thus entitling plaintiffs to actual attorney fees and costs despite the fact that the trial court found it unnecessary to grant an injunction given defendants' decision to amend the notice provision after plaintiffs filed the present suit." Id. at 535, 609 N.W.2d 574.
In reaching this decision, this Court relied on several other cases that held that even when injunctive relief is not granted, if declaratory relief is granted, costs and attorney fees are warranted under MCL 15.271(4). In Schmiedicke v. Clare School Bd., 228 Mich.App. 259, 577 N.W.2d 706 (1998), the trial court dismissed the plaintiff's OMA claim after concluding that the defendants did not violate the OMA. This Court reversed and held that the defendants had violated the OMA, but that an injunction was not required. Id. at 267, 577 N.W.2d 706. This Court also decided, without any analysis, that the plaintiff was entitled to costs and attorney fees pursuant to MCL 15.271(4). Id.
In so deciding, this Court cited Menominee Co. Taxpayers Alliance, Inc. v. Menominee Co. Clerk, 139 Mich.App. 814, 820, 362 N.W.2d 871 (1984), in which the trial court treated the plaintiffs' claim as a declaratory action that had become moot because, as a result of the parties' stipulations, there was no actual case or controversy. Id. at 817, 362 N.W.2d 871. This Court determined that the plaintiffs actually sought invalidation of a decision and injunctive relief, and explained that it would have reversed the trial court's order denying the injunction if there had not been an intervening election that affected matters. Id. at 820, 362 N.W.2d 871. Nonetheless, this Court concluded, without any analysis, that the plaintiffs were entitled to costs and attorney fees under MCL 15.271(4), citing Ridenour v. Dearborn Bd. of Ed., 111 Mich.App. 798, 806, 314 N.W.2d 760 (1981), in support. Id. A dissenting opinion asserted to the contrary that "[w]hen the relief sought at the hearing is rightfully denied, those seeking the relief should not be awarded actual attorney fees. The Legislature did not intend to saddle the taxpayers with attorney fees and costs when the public interest was not in fact impaired." Id. at 822, 362 N.W.2d 871 (Allen, P.J., dissenting).
In Ridenour, supra at 800, 314 N.W.2d 760, the plaintiff sought to enjoin the defendant from holding a closed meeting. The trial court determined that to have the closed meeting would violate the OMA. Id. at 801, 314 N.W.2d 760. However, upon the defendant's promise that it would not close the meeting, the trial court determined that injunctive relief was unnecessary. Id. The plaintiff then requested *796 costs and attorney fees, which the trial court granted on the ground that the plaintiff "obtained the equivalent of an injunction." Id. This Court, citing MCL 15.271(4), stated, "No matter how it is viewed, plaintiff received the relief sought." Id. at 806, 314 N.W.2d 760. Therefore, it held that, regardless of whether the plaintiff received the injunction sought, the award of costs and attorney fees was appropriate. Id.
These cases do not support an award of costs and attorney fees pursuant to MCL 15.271(4) in this case. As pointed out above, MCL 15.271(4) only permits costs and attorney fees when a person commences a civil action against the public body "for injunctive relief to compel compliance or to enjoin further noncompliance with the act." In each of the cases cited above, the plaintiffs filed a claim seeking an injunction either alone or along with other OMA claims, and a court subsequently determined that, despite a violation of the OMA, an injunction was unnecessary. In this case, the Leemreises never requested an injunction. Therefore, even if the trial court properly granted declaratory relief, it was not declaratory relief that was the "equivalent" of an injunction or in lieu of an injunction.
Additionally, in both Herald and Nicholas, declaratory relief was granted while there was still a case in controversy, and later the trial courts addressed whether costs and attorney fees could be awarded under MCL 15.271(4). Similarly, in Schmiedicke, this Court was considering whether an injunction was appropriate when it instead granted declaratory relief. In this case, the Leemreises filed only one claim against Sherman Township for invalidation of the September 8, 2003, decision under MCL 15.270. As discussed above, once Sherman Township reenacted that decision, there was no longer any case in controversy within that action. Therefore, the trial court should have dismissed the claim against Sherman Township and not proceeded to trial on the issue of declaratory relief alone.
Finally, the Leemreises suggest that public policy supports awarding costs and attorney fees pursuant to MCL 15.271(4) when a plaintiff seeks invalidation and the public body reenacts the decision curing the defect. But in Willis, supra, this Court held to the contrary. In Willis, the plaintiff filed a complaint against the defendant township, alleging that it violated the OMA by conducting a closed session although the minutes from the meeting in which it was decided to hold the closed session did not reflect the required two-thirds vote in favor of the closed meeting. Id. at 543, 669 N.W.2d 279. The plaintiff sought invalidation of the decision rendered in the closed session and an injunction from further noncompliance. Id. The defendant township, in answer to the complaint, asserted that the roll-call vote was conducted and the vote was unanimous, but the minutes did not reflect this. Id. It further asserted that the mistake was corrected when the decision to proceed to a closed meeting was reenacted. Id. Despite the reenactment, the trial court invalidated the original decision to proceed to a closed session on the basis of the error in the minutes. Id. at 545, 669 N.W.2d 279. This Court determined that MCL 15.270(2), which permits invalidation only for specific reasons, does not permit invalidation of a decision for the error in minutes that occurred in that case. Id. at 553, 669 N.W.2d 279. For this reason, it concluded that the trial court erred in invalidating the original decision to proceed to a closed session. Id. at 554, 669 N.W.2d 279. This Court held that because the plaintiff "did not obtain relief in the action," costs and attorney fees were *797 not appropriate under MCL 15.271(4). Id. at 556-557, 669 N.W.2d 279.
Although this Court did not consider whether MCL 15.271(4) applies to a claim seeking invalidation, it concluded that if a party did not receive the invalidation it sought, it could not obtain attorney fees, regardless of whether the defendant, as a consequence of the action, reenacted the meeting in which the alleged violation occurred. This is precisely the situation we have in this case. The Leemreises did not ask for injunctive relief or declaratory relief; they only sought invalidation, which they did not receive. Pursuant to Willis, despite the fact that the September 8, 2003, decision was reenacted, the Leemreises were not entitled to costs and attorney fees under MCL 15.271(4).[2]
We affirm the trial court's order denying summary disposition of the Leemreises' claims of an intentional OMA violation against Chupp and Laws, reverse the trial court's order denying summary disposition of the Leemreises' invalidation claim against Sherman Township, and vacate the trial court's order requiring Sherman Township to pay the Leemreises' costs and attorney fees.
NOTES
[1] This action is not at issue on appeal.
[2] The Leemreises also assert that, pursuant to MCL 15.271(4), they are entitled to costs and attorney fees for both their appeal of the September 8, 2003, decision (which was dismissed) and for their defending against Sherman Township's enforcement action. However, neither of these actions was brought pursuant to the OMA. Therefore, MCL 15.271(4) does not apply to them.