RIDENOUR v BOARD OF EDUCATION OF THE CITY OF
DEARBORN SCHOOL DISTRICT

Docket No. 53376. Submitted June 9, 1981, at Detroit.—Decided
December 15, 1981.

Jack B. Ridenour brought an action against the Dearborn School
District Board of Education, pursuant to the Open Meetings
Act, seeking to enjoin the school board from holding a sched-
uled closed session for the purpose of evaluating the perfor-
mance of two of the school district's administrators. The Wayne
Circuit Court, John H. Hausner, J., issued a restraining order
prohibiting the closed meeting and later, at a show-cause
hearing, granted a declaratory judgment in favor of the plain-
tiff, reasoning that the public needed to know the basis of the
board's decision in order properly to evaluate that decision.
Upon defense counsel's promise that defendant would comply,
the court determined that an injunction would not be necessary
and accordingly dissolved the restraining order and denied an
injunction. The court further held that the plaintiff was enti-
tled to attorney fees and costs since he obtained the equivalent
of an injunction. The defendant appeals, alleging that the Open
Meetings Act and the Freedom of Information Act allow a
closed session of the board in this case and that the trial court
erred in awarding attorney fees and costs to the plaintiff. Held:

1. The Open Meetings Act allows closed sessions of public
bodies for limited purposes. The evaluation of the performance
of the administrators is not an action which is exempt from the
requirements of the Open Meetings Act.

2. There is no showing of any matter of a private nature
which might be exempted from disclosure by the Freedom of
Information Act as a clearly unwarranted invasion of an indi-
vidual's privacy if disclosed.

3. The award of attorney fees and costs was proper because

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 161.
Validity, construction, and application of statutes making public
proceedings open to the public. 38 ALR3d 1070.
[3] 73 Am Jur 2d, Statutes § 206.
[5] 42 Am Jur 2d, Injunctions §§ 373, 374.

the plaintiff received the relief requested, even though an injunction was not granted.

Affirmed.

1. STATUTES — OPEN MEETINGS ACT — CLOSED SESSIONS.

Closed sessions of a public body are permitted by the Open Meetings Act for a number of purposes, but the act is to be strictly construed against exemptions to public meetings (MCL 15.261 *et seq.;* MSA 4.1800[1] *et seq.).*

2. SCHOOLS — OPEN MEETINGS ACT — PERFORMANCE EVALUATIONS.

A meeting of a school board for the purpose of evaluating the performance of certain school administrators is not exempt from the requirements of the Open Meetings Act where it is not anticipated that the board is to consider dismissal, suspension, or disciplining of the administrators or to hear any complaints or charges against them (MCL 15.268[a]; MSA 4.1800[18][a]).

3. STATUTES — JUDICIAL CONSTRUCTION.

Statutory terms not defined by the Legislature should be interpreted broadly and in accordance with their everyday meanings.

4. STATUTES — FREEDOM OF INFORMATION ACT — INVASION OF PRIVACY.

A public body is permitted, under the Freedom of Information Act, to exempt from disclosure information of a personal nature where the public disclosure would constitute a clearly unwarranted invasion of a person's privacy; the public body must weigh the individual's right of privacy against the public's right to know (MCL 15.243[1][a]; MSA 4.1801[13][1][a]).

5. INJUNCTIONS — OPEN MEETINGS ACT — ATTORNEY FEES — STATUTES.

A person who brings an action for injunctive relief against a public body pursuant to the Open Meetings Act and who obtains relief in the action may recover attorney fees and costs even though an injunction is not actually granted (MCL 15.271[4]; MSA 4.1800[21][4]).

*Hurwitz, Karp & Wygonik,* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Larry J. Saylor),* for defendant.

Amici Curiae:

Michigan Association of School Administrators (by *MacLean, Seaman, Laing & Guilford*).

Michigan Community College Association (by *Thrun, Maatsch & Nordberg, P.C.*).

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

CYNAR, J. Defendant appeals as of right from a declaratory judgment and order entered on August 8, 1980. We affirm.

On June 16, 1980, defendant, Board of Education of the Dearborn School District, adopted a resolution scheduling a closed executive session for June 26, 1980, for the purpose of evaluating the performance of the president of the Henry Ford Community College and the superintendent of the school district. Both of the officials to be evaluated at the meeting scheduled for June 26, 1980, requested in writing that the meeting be closed.

In his complaint, filed June 20, 1980, plaintiff, a resident of the school district, contended a closed meeting would violate the Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.,* and cause irreparable harm if defendant was not enjoined from holding the meeting. At a hearing on June 23, 1980, the circuit court issued a restraining order prohibiting the board from holding a closed meeting for the purpose of evaluating the performance of its officials and employees and compelling the board to show cause why a permanent injunction should not be issued.

At a show cause hearing on July 25, 1980, defendant argued that §§ 8(a) and 8(h) of the Open

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Meetings Act authorized closed meetings for the purpose of evaluating performances. This, defendant claimed, is necessary to allow unsubstantiated charges to be discussed without harm or embarrassment to the employee. Defendant further contended that the decision of the board is not made in the closed session, but rather is made in a subsequent public meeting.

The court rejected these arguments, reasoning in effect that the people of Dearborn, in order to evaluate the decision of the board of education, need to know the basis upon which the decision is made. Declaratory judgment in favor of plaintiff was granted. Upon defense counsel's promise that defendant would comply with the court's interpretation, the judge determined that an injunction would not be necessary. The court accordingly dissolved the restraining order and denied the prayer for injunctive relief.

As a final matter, plaintiff's counsel asked for attorney fees and costs. Defendant contends the statute authorized fees only when injunctive relief is awarded. The trial court indicated a permanent injunction would issue. Defense counsel thereupon stated it was not necessary to burden the record with a permanent injunction since the defendant would comply with the court's interpretation. The court held plaintiff was entitled to attorney fees and costs since he obtained the equivalent of an injunction.

Michigan Association of School Administrators and Michigan Community College Association each filed an amicus curiae brief upon leave being granted.

The first of the two questions to consider is whether the Open Meetings Act precludes a board of education from meeting in a closed session for

the purpose of evaluating the performance of the president of the junior college and the superintendent of education.

The Open Meetings Act states:

"All meetings of a public body shall be open to the public and shall be held in a place available to the general public. All persons shall be permitted to attend any meeting except as otherwise provided in this act." MCL 15.263(1); MSA 4.1800(13)(1).

The act defines "meeting" as follows:

" 'Meeting' means the convening of a public body at which a quorum is present for the purpose of deliberating toward or rendering a decision on a public policy." MCL 15.262(b); MSA 4.1800(12)(b).

Closed sessions are permitted for a number of purposes. However, in *Wexford County Prosecutor v Pranger,* 83 Mich App 197; 268 NW2d 344 (1978), this Court held that the Open Meetings Act must be strictly construed against exemptions to public meetings. Section 8(a) of the Open Meetings Act, MCL 15.268(a); MSA 4.1800(18)(a), permits a body to meet in closed session "[t]o consider the dismissal, suspension, or disciplining of, or to hear complaints or charges brought against, a public * * * employee * * * when the named person requests a closed hearing".[1]

Section 8(h) of the Open Meetings Act, MCL

---

[1] On December 17, 1980, SB 1143 and SB 1296, which had been adopted by both houses of the Michigan Legislature, were enrolled by the Senate and forwarded to the Governor for signature. The Governor vetoed the bills on January 17, 1981. Both of these bills proposed to amend § 8(a) by adding the emphasized language: "To consider the dismissal, suspension, or disciplining of, or to hear complaints or charges brought against, *or to evaluate the performance of,* a public officer, employee, staff member, or individual agent, *if* the named person requests a closed hearing.

15.268(h); MSA 4.1800(18)(h), permits a public body to conduct a closed session "[t]o consider material exempt from discussion or disclosure by state or federal statute". Section 13(1) of the Freedom of Information Act, MCL 15.243(1)(a); MSA 4.1801(13)(1)(a), permits a public body to exempt from disclosure "[i]nformation of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy". Information exempt from disclosure under the latter section could therefore be discussed at a closed meeting.

The language of the legislation is clear: all meetings of a public body where a quorum is present for purposes of deliberation or decision on a public policy shall be open meetings. There are some exceptions. Section 8(a) of the Open Meetings Act includes several separate grounds for conducting a closed meeting. A closed meeting may be held "to consider the dismissal, suspension, or disciplining of" a public employee. There is no basis to anticipate the application of dismissal, suspension, or disciplining in this matter.

Further, § 8(a) also permits a closed meeting "to hear complaints or charges against" such employees. The Legislature did not define the phrase "complaints or charges" in § 8(a) of the act. These terms should be interpreted broadly and in accordance with their everyday meanings. *Production Credit Ass'n of Lansing v Dep't of Treasury,* 404 Mich 301; 273 NW2d 10 (1978), *Bingham v American Screw Products Co,* 398 Mich 546; 248 NW2d 537 (1976). "Complaint" is defined as *either* "something that is a cause or subject of protest or outcry" *or* as "a formal allegation against a party". *Webster's New Collegiate Dictionary,* p 228 (1979). "Charge" is defined as "to make an asser-

tion against [especially] by ascribing guilt for an offense; to assert as an accusation". *Id.,* 185.

If the purpose of the closed meeting herein related to a hearing concerning a complaint or charge, a closed meeting would be warranted. The present action does not support the position of defendant. The closed meeting in this case was scheduled for the purpose of evaluating the performance of the president of the community college and superintendent of schools. *Webster's New Twentieth Century Dictionary, Second Edition* (1961), defines "evaluate" as "to determine the worth of; to find the amount of value of; to appraise". There were no allegations that anyone specifically brought any complaint or charges. It may very well be that at a meeting held for purposes of evaluation a charge or complaint if presented would be considered as part of the entire presentation in evaluating or appraising performance. However, in this instance, for purposes of result, words should not be stretched out of their ordinary meaning. A closed meeting is not permissible under § 8(a) based on the record in this case.

The second applicable provision of the Open Meetings Act is § 8(h), which permits a public body to conduct a closed session "[t]o consider material exempt from discussion or disclosure by state or federal statute". MCL 15.268(h); MSA 4.1800(18)(h). Under Michigan's Freedom of Information Act, a public body is permitted to exempt from disclosure "[i]nformation of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy". MCL 15.243(1)(a); MSA 4.1801(13)(1)(a).

In determining whether a "clearly unwarranted

invasion of an individual's privacy" exists, a public body must weigh the individual's right of privacy against the public's right to know. *Penokie v Michigan Technological University,* 93 Mich App 650, 658-659; 287 NW2d 304 (1979). The *Penokie* Court, while sanctioning reliance on the balancing test developed by the federal courts, also notes on pages 658-659:

> "Federal courts have uniformly followed a policy of narrowly construing the exemptions in the Federal act. *Rural Housing Alliance v United States Dep't of Agriculture,* 162 US App DC 122; 498 F2d 73 (1974), *Cox v United States Dep't of Justice,* 576 F2d 1302 (CA 8, 1978). As is the situation in Michigan, the government agency bears the burden of establishing that denial of a request for disclosure is statutorily supported, MCL 15.240(1); MSA 4.1801(10)(1). 5 USC 552(a)(4)(B). Claimed exemptions must be supported by substantial justification and explanation, not merely by conclusory assertions. *Gates v Schlesinger,* 366 F Supp 797, 800 (D DC, 1973)."

From defendant's viewpoint, disclosure of performance evaluations to the public is an intrusion of privacy which outweighs the public's right to know. Such a perspective overlooks the public interest in the area of government. People have a strong interest in public education. Because a large portion of the tax dollar goes for the support of the schools, the taxpayer is increasingly holding the boards and administrators accountable for these moneys. Further, the public continues to have an increasing interest in the educational process and expects this public body to be accountable for its actions.

The record is silent as to any specific matter of a private nature relied upon by defendant which might be considered here; nothing whatsoever ap-

pears other than the bare allegation that § 8(h) of the Open Meetings Act might apply. There was nothing in the public notice, and nothing presented to the court, of a specific privacy nature which would outweigh the interest of the public in knowing how their public officials were performing. The record does not support a claim of "unwarranted invasion of privacy" and to determine otherwise would require reliance on speculation.

The other issue raised by defendant involves the grant of attorney fees and costs to plaintiff.

The Open Meetings Act provides:

"If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action." MCL 15.271(4); MSA 4.1800(21)(4).

No matter how it is viewed, plaintiff received the relief he sought. The judge agreed with plaintiff's position and gave a judgment in his favor. The record is clear. But for defense counsel's promise to comply with the decision, the court would have granted a permanent injunction. The award of attorney fees and costs was proper.

Affirmed.