SPEICHER v COLUMBIA TOWNSHIP BOARD OF TRUSTEES
(ON RECONSIDERATION)

Docket No. 306684. Submitted September 5, 2013, at Grand Rapids. Decided December 19, 2013, at 9:00 a.m. Order declining to convene special panel under MCR 7.215(J) entered January 14, 2014. Leave to appeal sought.

Plaintiff Kenneth J. Speicher brought an action against the Columbia Township Board of Trustees and the Columbia Township Planning Commission in the Van Buren Circuit Court, seeking declaratory and injunctive relief for defendants' alleged violations of the Open Meetings Act (OMA), MCL 15.261 *et seq*. The trial court, Paul E. Hamre, J., granted summary disposition in favor of defendants, and the plaintiff appealed. The Court of Appeals, WILDER, P.J., and O'CONNELL and K. F. KELLY, JJ., affirmed the trial court's denial of injunctive relief but reversed its denial of declaratory relief and remanded for further proceedings, specifying that because the technical nature of the OMA violation did not warrant injunctive relief, plaintiff was not entitled to attorney fees or costs under MCL 15.271(4) on remand. Plaintiff filed a motion for reconsideration and the Court of Appeals granted it, vacating the portion of the previous opinion that denied plaintiff attorney fees and costs.

The Court of Appeals *held*:

Plaintiff was entitled to costs and attorney fees under previous Court of Appeals cases interpreting MCL 15.271(4) because plaintiff succeeded in obtaining relief. Although the plain language of the OMA does not support an award of costs and fees when the relief granted was declaratory rather than injunctive, the caselaw that does is binding and must be followed. Absent this caselaw, the panel would have held that attorney fees and costs are available under MCL 15.271(4) only for plaintiffs who requested and obtained injunctive relief.

Remanded for further proceedings.

STATUTES — OPEN MEETINGS ACT — ATTORNEY FEES AND COSTS — DECLARATORY RELIEF.

A plaintiff who succeeds in obtaining relief under MCL 15.271(4), whether declaratory or injunctive, is entitled to costs and attorney fees.

*Silverman, Smith & Rice, PC* (by *Robert W. Smith*), for plaintiff.

*Plunkett Cooney* (by *Mary Massaron Ross, Christine C. Oldani*, and *Robert A. Callahan*) for defendants.

ON RECONSIDERATION

Before: WILDER, P.J., and O'CONNELL and K. F. KELLY, JJ.

WILDER, P.J. Plaintiff Kenneth J. Speicher moves for reconsideration of the portion of this Court's opinion in *Speicher v Columbia Twp Bd of Trustees*, unpublished opinion per curiam of the Court of Appeals, issued January 22, 2013 (Docket No. 306684), which held, despite the violation of the Open Meetings Act (OMA), MCL 15.261 *et seq.*, by defendants Columbia Township Board of Trustees and Columbia Township Planning Commission, that "given that the technical nature of this OMA violation resulted in no injunctive relief being warranted, plaintiff is not entitled to any attorney fees or costs under MCL 15.271(4) on remand." Because we concluded that plaintiff was entitled to declaratory relief, by virtue of a long line of cases issued by this Court—*Craig v Detroit Pub Sch Chief Executive Officer*, 265 Mich App 572; 697 NW2d 529 (2005), *Herald Co, Inc v Tax Tribunal*, 258 Mich App 78; 669 NW2d 862 (2003), *Morrison v East Lansing*, 255 Mich App 505; 660 NW2d 395 (2003), *Nicholas v Meridian Charter Twp Bd*, 239 Mich App 525; 609 NW2d 574 (2000), *Manning v East Tawas*, 234 Mich App 244; 593 NW2d 649 (1999), and *Schmiedicke v Clare Sch Bd*, 228 Mich App 259; 577 NW2d 706 (1998)—he is also entitled to attorney fees. Accordingly, as we are required to do under MCR 7.215(J)(1), we follow these cases and

remand to the trial court to award costs and attorney fees to plaintiff under MCL 15.271(4).

However, we disagree that, under the plain language of the OMA, plaintiff is entitled to attorney fees under the facts of this case. In accordance with MCR 7.215(J)(2), we note our disagreement with these cases and call for the convening of a special panel of this Court pursuant to MCR 7.215(J)(3).

I

We first note that plaintiff did not request attorney fees at the trial court or in his claim of appeal. Plaintiff's first request for attorney fees was prompted by this Court's holding that, because plaintiff was entitled to declaratory relief but not injunctive relief, he would not be entitled to an award of attorney fees. Upon reconsideration, we concede that existing caselaw requires an award of attorney fees in such instances, apparently even when plaintiff has not requested attorney fees. However, because we disagree with this caselaw, this issue having been squarely raised on reconsideration, we now address it directly. We observe that this issue is one of law and the record is factually sufficient to review it, and therefore, despite the fact that this issue was not properly presented to us in the classic sense, this Court may review it in the interest of judicial efficiency. See *Detroit Leasing Co v Detroit*, 269 Mich App 233, 237-238; 713 NW2d 269 (2005); *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004).

II

This Court reviews issues of statutory interpretation de novo. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003). The

primary goal when interpreting a statute is to ascertain and give effect to the Legislature's intent. *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 217; 801 NW2d 35 (2011). "The words contained in a statute provide us with the most reliable evidence of the Legislature's intent." *Green v Ziegelman*, 282 Mich App 292, 301; 767 NW2d 660 (2009). In interpreting a statute, this Court considers both the plain meaning of the critical word or phrase "as well as [its] placement and purpose in the statutory scheme." *Id.* at 302.

The pertinent section of the OMA, MCL 15.271(4), provides:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.

This Court in *Leemreis v Sherman Twp*, 273 Mich App 691, 704; 731 NW2d 787 (2007), identified the three elements a plaintiff must satisfy in order to obtain attorney fees under the statute: "(1) a public body must not be complying with the act, (2) a person must commence a civil action against the public body 'for injunctive relief to compel compliance or to enjoin further noncompliance with the act,' and (3) the person must succeed in 'obtaining relief in the action.' " As discussed earlier, plaintiff has satisfied the first two elements. The central question at issue is whether, when plaintiff obtained declaratory relief but not injunctive relief, he succeeded in "obtaining relief in the action."

A

There are three distinct types of relief in the OMA. *Id.* at 700.

MCL 15.270(1) permits a person to file a civil action to invalidate a decision of a public body made in violation of the act. There is no provision for costs or attorney fees in this section.

MCL 15.271(1) allows a person to seek injunctive relief "to compel compliance or to enjoin further noncompliance with [the] act." MCL 15.271(4) commands the recovery of costs and attorney fees when the person seeking injunctive relief succeeds "in obtaining relief in the action."

MCL 15.273 permits a plaintiff to file suit against a public official for intentional violations of the OMA. And if the public official did intentionally violate the OMA, he or she is liable for actual and exemplary damages of not more than $500 total "plus court costs and actual attorney fees." MCL 15.273(1).

"None of these sections refers to either of the other sections. Reading the OMA as a whole, it appears that these sections, and the distinct kinds of relief that they provide, stand alone." *Leemreis*, 273 Mich App at 701. Accordingly, we conclude that the phrase "obtaining relief in the action" contained in MCL 15.271(4) refers not to a plaintiff's success in obtaining *any* relief, including declaratory relief, but instead commands the award of costs and attorney fees only when the plaintiff has obtained *injunctive* relief. Therefore, we would conclude that according to the plain meaning of the statute, a plaintiff can recover attorney fees and costs under MCL 15.271(4) only when a public body violates the OMA, the plaintiff requests injunctive relief, and the plaintiff receives injunctive relief.

B

Despite our plain-meaning interpretation, we are compelled to follow to this Court's prior determinations

that the third element of MCL 15.271(4) is satisfied as long as *any* relief is granted. The following is a comprehensive review and roadmap of the prior opinions stating this premise.

This Court in *Craig*, 265 Mich App at 581, did not award attorney fees because it found no violation of the OMA, but, without any analysis, it did supply the rule that "[t]he imposition of attorney fees is mandatory upon a finding of a violation of the OMA." The *Craig* Court cited *Herald Co*, 258 Mich App 78, as authority for its position.

In *Herald Co*, the Court stated that "[t]he OMA provides that if relief is obtained in an action against a public body for violating the OMA, that relief shall include 'court costs and actual attorney fees.' " *Id.* at 91-92, quoting MCL 15.271(4). The Court further explained that "neither proof of injury nor issuance of an injunction is a prerequisite for the recovery of attorney fees under the OMA." *Herald Co*, 258 Mich App at 92, citing *Nicholas*, 239 Mich App at 534-535.

Also relying on *Nicholas* is *Morrison*, 255 Mich App 505. The *Morrison* Court stated in a footnote, "Where a trial court declares that the defendants violated the OMA, but finds it unnecessary to grant injunctive relief, the plaintiffs are entitled to actual attorney fees and costs." *Id.* at 521 n 11, citing *Nicholas*, 239 Mich App at 535. Even though this rule was provided, the issue in *Morrison* was not whether the plaintiff was entitled to costs; it was whether the plaintiff was entitled to specific costs associated with certain deposition transcripts. *Morrison*, 255 Mich App at 521-522.

In *Nicholas*, 239 Mich App at 535, this Court, without providing any analysis, stated in perhaps the most direct language thus far:

> Here, the trial court declared that defendants violated the OMA. This constitutes declaratory relief, thus entitling plaintiffs to actual attorney fees and costs despite the fact that the trial court found it unnecessary to grant an injunction given defendants' decision to amend the notice provision after plaintiffs filed the present suit.

The *Nicholas* Court then cited several cases as authority for this proposition: *Schmiedicke*, 228 Mich App at 266-267, *Menominee Co Taxpayers Alliance*, 139 Mich App 814, and *Ridenour v Dearborn Sch Dist Bd of Ed*, 111 Mich App 798; 314 NW2d 760 (1981). The *Nicholas* Court also relied on *Manning*, 234 Mich App 244.

The *Manning* Court stated that "declaratory relief under the OMA . . . is sufficient to entitle plaintiffs to an award of costs and attorney fees." *Id.* at 254. And like the *Nicholas* Court, the *Manning* Court also relied on and cited *Schmiedicke* and *Menominee Co Taxpayers Alliance* for this position. *Id.*

The *Schmiedicke* Court, in turn, without any analysis concisely stated that "[t]he legal remedy of declaratory relief is adequate" to award attorney fees under the statute. *Schmiedicke*, 228 Mich App at 267, citing *Menominee Co Taxpayers Alliance*, 139 Mich App at 820. The *Schmiedicke* Court, 228 Mich App at 267, also relied on *Peninsula Sanitation, Inc v Manistique*, 208 Mich App 34; 526 NW2d 607 (1994), but this reliance is puzzling given that *Peninsula Sanitation* did not involve the OMA, let alone the award of attorney fees under the OMA.

In *Menominee Co Taxpayers Alliance*, this Court awarded attorney fees, even though the trial court did not issue an injunction. *Menominee Co Taxpayers Alliance*, 139 Mich App at 820. The Court exclusively relied on *Ridenour*, 111 Mich App 798.

This finally takes us to *Ridenour*, which, as we have determined, is the genesis of this entire line of cases. In *Ridenour*, the plaintiff sought an injunction to prevent the defendant school district from holding closed sessions at which it would evaluate the performance of its officials and employees. *Id.* at 801. The trial court entered a declaratory judgment in favor of the plaintiff and indicated that a permanent injunction would issue. *Id.* But, after defense counsel stated that an injunction would not be necessary "since the defendant would comply with the court's interpretation," the trial court did not issue an injunction. Nevertheless, the trial court did award attorney fees because the plaintiff had obtained "the equivalent of an injunction." *Id.* This Court agreed with the trial court's result, and the sum total of its analysis on this point is as follows:

> No matter how it is viewed, plaintiff received the relief he sought. The judge agreed with plaintiff's position and gave a judgment in his favor. The record is clear. But for defense counsel's promise to comply with the decision, the court would have granted a permanent injunction. The award of attorney fees and costs was proper. [*Id.* at 806.]

C

From this comprehensive review, it is clear that the existing caselaw has morphed from the initial *Ridenour* opinion in 1981, in which attorney fees were warranted only because plaintiff received the equivalent of an injunction (and where the trial court stated it *would* have issued an injunction but for the promise of defendant to comply in the future), to current day opinions, in which attorney fees have been awarded on the mere showing of a violation of the OMA (and without the necessity of obtaining the equivalent of injunctive relief). We conclude that the evolution of this particular

aspect of the law is unfortunate, as it appears that the rationale for the *Ridenour* decision and the decision itself (to allow for the recovery of attorney fees if the relief granted is the equivalent of injunctive relief) has been diluted or ignored in subsequent cases. In our present case, we need not consider whether *Ridenour*'s concept of relief "equivalent" to an injunction is adequate for the recovery of attorney fees and costs. But what is clear is that we would overrule this Court's prior interpretations of MCL 15.271(4) that allow for the recovery of attorney fees when injunctive relief was not obtained, equivalent or otherwise, on the basis that this now common interpretation of MCL 15.271(4) is contrary to the plain and express language of the statute.

We note that this Court has already managed to distinguish this body of caselaw that gave an expansive reading to MCL 15.271(4). In *Leemreis*, 273 Mich App at 704-709, this Court reviewed and analyzed many of these cases. After identifying the three requirements for awarding court costs and attorney fees under MCL 15.271(4), *id.* at 704, the Court held that the plaintiffs could not obtain attorney fees under the OMA because, even though there was caselaw awarding attorney fees on the mere finding of an OMA violation, the plaintiffs failed to satisfy the plain-language requirements of MCL 15.271(4). Specifically, they did not meet the second requirement because they had never sought injunctive relief. Rather, they only sought to invalidate some actions by the defendant township. *Id.* at 707-708.

III

In summary, while we would hold that, because plaintiff did not succeed in obtaining injunctive relief, he cannot recover attorney fees and court costs under

MCL 15.271(4), cases like *Craig*, *Herald Co*, and *Nicholas* are controlling, and we must follow them under MCR 7.215(J)(1), which compels a different outcome. Therefore, the trial court is to award attorney fees and costs to plaintiff on remand.

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No costs are taxable pursuant to MCR 7.219, neither party having prevailed in full.

O'CONNELL and K. F. KELLY, JJ., concurred with WILDER, P.J.