# STATE OF MICHIGAN

# COURT OF APPEALS

---

CITIZENS UNITED AGAINST CORRUPT
GOVERNMENT,

        Plaintiff-Appellant,

v

TROY CITY COUNCIL,

        Defendant-Appellee.

UNPUBLISHED
December 4, 2014

No.   313811
Oakland Circuit Court
LC No.   2012-129214-CZ

---

Before:  GLEICHER, P.J., and SAAD and FORT HOOD, JJ.

GLEICHER, P.J. (*concurring in part and dissenting in part*).

I concur with the result reached by the majority, but I cannot agree with the majority's reasoning.  Unchallenged evidence substantiated that the closed meeting at issue satisfied MCL 15.268(f), which permits a public body to review employment applications in closed session when the applicants have requested confidentiality.  I would affirm the circuit court's grant of summary disposition based on this narrow exception to the Open Meetings Act (OMA), MCL 15.261 *et seq.*

Instead of resolving the case on this straightforward ground, the majority rests its decision on an unprecedented interpretation of MCR 2.605, governing declaratory judgment actions.  According to the majority, a court may not declare that a public body has violated the OMA unless a declaration will guide "future conduct."  The majority dispenses with plaintiff's OMA claims by concluding that because the alleged OMA violation is complete, plaintiff failed to establish an "actual controversy," thereby rendering the matter "moot."

In so holding, the majority fundamentally misconstrues both MCR 2.605 and the OMA, and disregards abundant case law ratifying declaratory relief in the OMA context.  MCR 2.605 specifically authorizes a court to "declare the rights and other legal relations" of the parties in "a case of actual controversy."  Contrary to the majority's view, this plain language permits a court to adjudicate contested rights and obligations by issuing declaratory judgment even when future conduct is not at stake.

## I. BACKGROUND FACTS

On August 15, 2012, the Troy City Council met in closed session to review the résumés of 54 candidates who had applied for the position of Troy city manager.  During the meeting, the

council culled the applications to five finalists. Plaintiff Citizens United Against Corrupt Government (CUACG) formally requested disclosure of the closed session meeting's minutes. The Council denied that request, and CUACG filed this lawsuit.

CUACG's complaint sought both declaratory and injunctive relief. The complaint requested a declaration that defendant violated the OMA by failing to provide CUACG with a copy of the minutes from the closed-session meeting, and an order "requiring Defendant City Council to disclose the closed session meeting minutes[.]" Count III of the complaint, titled "Injunctive Relief," urged in relevant part:

> 64. Defendant City Council's repeated violations of OMA provisions in a single meeting cause an immediate need for this Court to issue its Order enjoining the Defendant City Council from further violations and further noncompliance with the OMA and its Order compelling Defendant City Council to comply with the OMA.

> 65. Accordingly, Plaintiff seeks the Court's Declaration that the Defendant City Council, and each of them, violated the OMA and that they be enjoined from further such repeated violations of the OMA.

The complaint's final "prayer for relief" details the declaratory relief desired, demanding that the circuit court:

> A. ISSUE a DECLARATORY JUDGMENT declaring that Defendant City Council violated the Open Meetings Act by convening and holding a closed session on August 15, 2012 that violated the OMA

> B. ISSUE a DECLARATORY JUDGMENT declaring that Defendant City Council made a "decision" and held "deliberations" to select five (5) finalists for the position of Troy City Manager to interview in violation of the OMA.

> C ISSUE a DECLARATORY JUDGMENT declaring that pursuant to MCL § 15.267(2) of the OMA, the minutes from the closed sessions held on August 15, 2012 shall immediately be fully or partially disclosed to the Plaintiff.

> D. ISSUE its ORDER that Defendant City Council pays the Plaintiff's court costs and attorney fees that Plaintiff has incurred as a result of having to bring this action, all pursuant to MCL 15.271(4) of the Open Meetings Act.

> E. ORDER any and all such OTHER RELIEF as justice may so require.

With its complaint, CUACG filed a motion for declaratory judgment and injunctive relief. The motion alleged that the "culling" meeting violated the OMA, and (like the complaint) requested declaratory and injunctive relief. The injunctive remedies identified in the motion included production of the minutes and an order "permanently enjoining Defendant City Council from further noncompliance with the OMA[.]"

Defendant filed a motion for summary disposition under MCR 2.116(C)(4), (7), (8), and (10). The parties submitted response and reply briefs. The circuit court heard argument and issued a written opinion summarily dismissing CUACG's claims under MCR 2.116(C)(4) and (C)(8). Both grounds for summary disposition were incorrect.

MCR 2.116(C)(4) requires summary disposition when "[t]he court lacks jurisdiction of the subject matter." The circuit court has subject matter jurisdiction of claims brought under the OMA. See MCL 15.270(1) and (3); MCL 15.271(2). Thus, the circuit court clearly erred by partially premising its summary disposition decision on lack of subject matter jurisdiction. Appropriately, the majority does not rest its decision on MCR 2.116(C)(4).

The circuit court also granted defendant summary disposition under MCR 2.116(C)(8), holding that CUACG "is not entitled to injunctive relief" because "the record fails to indicate that the public body acted in bad faith." By reviewing and then invoking "the record," the circuit court actually granted summary disposition under MCR 2.116(C)(10), rather than subsection (C)(8). Nevertheless, "bad faith" is not a defense to a claim brought under MCL 15.267(2).[1] The majority omits mention of these errors. Instead, the majority grounds its decision on an altogether inaccurate premise: that CUACG's appellate pleadings lack any challenge to the circuit court's summary dismissal of its injunctive relief claims. The majority's error stems from its misapprehension of the nature of the remedies afforded under the Open Meetings Act. I turn my focus to those remedies.

## II. THE REMEDIES OF THE OMA

In *Speicher v Columbia Twp Bd of Trustees (On Reconsideration)*, 303 Mich App 475, 479; 843 NW2d 770 (2013), this Court cogently described "three distinct types of relief" available under the OMA:

> MCL 15.270(1) permits a person to file a civil action to invalidate a decision of a public body made in violation of the act. . . .

> MCL 15.271(1) allows a person to seek injunctive relief "to compel compliance or to enjoin further noncompliance with [the] act." . . .

> MCL 15.273 permits a plaintiff to file suit against a public official for intentional violations of the OMA. . . .

---

[1] Dicta in an old case, *Esperance v Chesterfield Twp*, 89 Mich App 456, 464-465; 280 NW2d 559 (1979), indicates that because the plaintiff had not alleged that the defendant "willfully or intentionally sought to violate the act," the trial court did not err by refusing to invalidate the decision made in contravention of the OMA. Here, plaintiff has not sought invalidation of the decisions made during the closed session. *Esperance* and its suggestion of a "bad faith" defense have no role to play here.

-3-

CUACG sought an order compelling production of the closed session minutes. Under the OMA, a court may grant injunctive relief "to compel compliance or to enjoin further noncompliance." MCL 15.271(1). Compelling compliance includes ordering the production of closed session meeting minutes:

> A separate set of minutes shall be taken by the clerk or the designated secretary of the public body at the closed session. These minutes shall be retained by the clerk of the public body, are not available to the public, *and shall only be disclosed if required by a civil action filed under* [*MCL 15.270, MCL 15.271, or MCL 15.273*]. These minutes may be destroyed 1 year and 1 day after approval of the minutes of the regular meeting at which the closed session was approved. [MCL 15.267(2) (emphasis added).]

Thus, an aggrieved citizen may file suit seeking to "challenge the validity" of a closed session decision, and to compel disclosure of closed session minutes.

### III. THE RELIEF REQUESTED IN THIS CASE

As noted by the majority, albeit in a footnote, CUACG requested more than a declaratory judgment in this case; it also requested injunctive relief. The majority declines to consider the circuit court's denial of injunctive relief, reasoning, "Plaintiff does not challenge that decision on appeal or raise an alleged error regarding the trial court's decision on that count in its question presented." The majority is incorrect.

CUACG filed the instant lawsuit to enjoin further withholding of the closed-session minutes. And CUACG argues throughout its brief on appeal that it is entitled to production of the minutes of the closed session. Accordingly, CUACG has consistently sought to enjoin the Council's refusal of disclosure, a remedy specifically permitted under the OMA. That CUACG's request for production of the minutes qualifies as a prayer for injunctive relief is basic hornbook law:

> The most common equitable remedies are coercive. They are intended to force the defendant to act or to cease from acting in specified ways. The most general term for a coercive remedy is "injunction." The defendant is enjoined by a prohibitory injunction to refrain from doing certain acts; or he is commanded by a mandatory injunction to carry out specified acts. [Dobs, Law of Remedies (2d ed, 1993), p 51.]

The record firmly contradicts the majority's statement that CUACG neglected to challenge on appeal the dismissal of its request for injunctive relief.

But even had CUACG omitted any specific claim for injunctive relief, the majority's interpretation of MCR 2.605 is just plain wrong. Contrary to the majority, a court may issue a declaratory judgment to resolve an action brought under the OMA regardless of whether a declaration is needed to guide future conduct.

Declaratory judgment plays a central role in OMA challenges. A long line of cases hold that courts may properly issue declaratory relief in OMA actions to remedy *past* abuses. For

-4-

example, in *Manning v City of E Tawas*, 234 Mich App 244; 593 NW2d 649 (1999), the plaintiffs challenged the refusal of the East Tawas City Council to disclose the minutes of a closed-session meeting. The trial court ordered that the council produce only a redacted version of the minutes. This Court upheld the trial court, holding redaction proper when a closed meeting concerns both "exempt and nonexempt subject matter[.]" *Id.* at 249. This Court recognized that the trial court's analysis inherently invoked the circuit court's power to issue a declaratory judgment:

> The trial court's order of partial disclosure of the minutes of the closed meeting in question necessarily included a finding of a violation of the OMA, particularly that not all of the subject matter of the closed session came under the cited statutory ground for closing the session. *This constitutes declaratory relief under the OMA*, which is sufficient to entitle plaintiffs to an award of costs and attorney fees. [*Id*. at 253-254 (emphasis added).]

See also *Wexford Co Prosecutor v Pranger*, 83 Mich App 197, 204; 268 NW2d 344 (1978) ("Insofar as the declaratory judgment finds the closed session of May 9, 1977, in violation of the open meetings statute, we affirm."); *Schmiedicke v Clare Sch Bd*, 228 Mich App 259, 266-267; 577 NW2d 706 (1998) ("Lastly, plaintiff claims that the trial court should have awarded him attorney fees and actual costs, and that it should have issued an injunction ensuring defendants' future compliance with the OMA. We affirm the denial of an injunction to ensure future compliance with the OMA. There is no reason to believe defendants will deliberately fail to comply with the OMA. *The legal remedy of declaratory relief is adequate*." (Emphasis added).); and *Nicholas v Meridian Charter Twp Bd*, 239 Mich App 525, 535; 609 NW2d 574 (2000) ("Here, the trial court declared that defendants violated the OMA. This constitutes declaratory relief, thus entitling plaintiffs to actual attorney fees and costs despite the fact that the trial court found it unnecessary to grant an injunction given defendants' decision to amend the notice provision after plaintiffs filed the present suit.").

The majority's constricted view of declaratory judgment in OMA proceedings is particularly puzzling, given that less than one year ago, a panel of this Court sought to convene a conflict panel in a case holding that the plaintiff was entitled to declaratory relief based solely on the defendant's *past* actions. *Speicher*, 303 Mich App at 476-477.

IV. DECLARATORY JUDGMENT

The majority compounds its previously described errors by holding that CUACG failed to establish an "actual controversy" under MCR 2.605. In so holding, the majority incorrectly cabins the scope of declaratory relief available under the court rule to that which "guide[s] [a] plaintiff's *future* conduct in order to preserve [a] plaintiff's legal rights." (Emphasis added.) Indisputably, an action for declaratory judgment serves the future-conduct purpose articulated by the majority. It permits a litigant to obtain a legal ruling *before* an actual injury occurs. In cases of that sort, "an actual controversy will be found to exist only where a declaratory judgment is necessary to guide a litigant's future conduct in order to preserve the litigant's legal rights." *Fieger v Comm'r of Ins*, 174 Mich App 467, 470; 437 NW2d 271 (1988).

Declaratory judgment is equally available to a party seeking a judicial pronouncement concerning "rights and other legal relations" *after* an injury or legal violation has occurred. This conclusion flows directly from the language of the court rule itself, which provides:

(A) Power to Enter Declaratory Judgment.

(1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

* * *

(C) Other Adequate Remedy. The existence of another adequate remedy does not preclude a judgment for declaratory relief in an appropriate case.

* * *

(F) Other Relief. Further necessary or proper relief based on a declaratory judgment may be granted, after reasonable notice and hearing, against a party whose rights have been determined by the declaratory judgment. [MCR 2.605].

The plain language of the rule posits that the legal requirements for declaratory judgment are few: a "case of actual controversy" and an "interested party." That another adequate remedy might be available, such as an injunction, does not preclude declaratory relief. MCR 2.605(C). Accordingly, "declaratory judgment actions can result in monetary relief." *Durant v Michigan*, 456 Mich 175, 209; 566 NW2d 272 (1997). And MCR 2.605(F), governing declaratory judgment, empowers a court to grant "necessary or proper relief based on a declaratory judgment . . . against a party whose rights have been determined by the declaratory judgment." This means that a court may adjudicate disputed rights and obligations regardless of whether "future" action is required.

Courts evaluating OMA claims have utilized the declaratory judgment tool because it serves "a useful purpose in clarifying and settling the legal relations in issue," and affords an opportunity to resolve controversies in a direct yet flexible fashion. *Grand Trunk Western R Co v Consol Rail Corp*, 746 F2d 323, 326 (CA 6, 1984). See also *Shavers v Attorney General*, 402 Mich 554, 588; 267 NW2d 72 (1978) ("The declaratory judgment rule was intended and has been liberally construed to provide a broad, flexible remedy with a view to making the courts more accessible to the people."). Given our Supreme Court's description of the predecessor rule to MCR 2.605 as "intended to provide for the broadest type of declaratory judgment procedure," *Allstate Ins Co v Hayes*, 442 Mich 56, 65 n 8; 499 NW2d 743 (1993) (quotation marks and citation omitted), I cannot accept the majority's crabbed view of this powerful remedy. Although I agree that CUACG's suit must fail, I cannot agree that the issues presented qualify as either "hypothetical" or "moot." Accordingly, I concur only in the result.

/s/ Elizabeth L. Gleicher