CAVANAGH, J.
(dissenting). Shortly after the enactment of the Open Meetings Act (OMA), MCL 15.261 et seq., the Court of Appeals effectively held that declaratory relief granted in lieu of or as the functional equivalent of an injunction supports an award of costs and actual attorney fees under MCL 15.271(4). See Ridenour v Dearborn Bd of Ed, 111 Mich App 798; 314 NW2d 760 (1981). Over the past 33 years, the Court of Appeals has reiterated that holding in numerous published opinions, solidifying the role of declaratory relief as it relates to costs and attorney fees under MCL 15.271(4). Despite this long line of precedent, at no time has the Legislature taken steps to amend MCL 15.271(4) in response. Because I believe that these cases properly interpreted and effectuated the Legislature’s intent, I respectfully dissent.
In 1968, the Legislature enacted an open meetings law to consolidate a “patchwork of statutes” that required accountability and openness in governmental affairs. Booth v Univ of Mich Bd of Regents, 444 Mich 211, 221; 507 NW 2d 422 (1993). By rendering the decision-making process of most public bodies open and accessible to the public, the 1968 statute was intended to act as “ ‘an important check and balance on self-government.’ ” Id. at 223, quoting Osmon, Sunshine or Shadows: One State’s Decision, 1977 Det C L Rev 613, 617. Specifically, by addressing a longstanding concern regarding the public’s access to governmental decision- *146 making,[1] the statute’s aim was to “ ‘serve as both a light and disinfectant in exposing potential abuse and misuse of power.’ ” Booth, 444 Mich at 223, quoting Sunshine or Shadows, 1977 Det C L Rev at 617. Although the goals of the 1968 statute were laudable, the statute was flawed: “because the 1968 statute failed to impose an enforcement mechanism and penalties to deter noncompliance, nothing prevented the wholesale evasion of the act’s provisions” by public bodies, and the law was often ignored. Booth, 444 Mich at 221. See, also, Sunshine or Shadows, 1977 Det C L Rev at 619. To remedy this, the statute was “comprehensively revise[d]” in 1976 to provide for enforcement by way of several mechanisms, including actions by private citizens to vindicate, not primarily personal rights, but the rights of the public at large. Booth, 444 Mich at 222. One such enforcement provision is MCL 15.271(4), which provides that a successful party is entitled to court costs and actual attorney fees. Specifically, MCL 15.271(4) states:
If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.
At issue in this case is whether the statutory phrase “succeeds in obtaining relief in the action” encompasses more than formal injunctive relief. Stated another way, at issue is whether the Court of Appeals has correctly effectuated the Legislature’s intent by holding that the *147 absence of formal injunctive relief does not preclude a plaintiff from recovering statutory attorney fees and costs under MCL 15.271(4). Considering the purposes behind the OMA, including the Legislature’s conscious choice to enact a citizen enforcement provision aimed at ensuring compliance with the OMA, I cannot conclude that the last 33 years of Court of Appeals precedent was in error.
As previously noted, four years after the effective date of MCL 15.271(4), the Ridenour panel effectively held that declaratory relief granted in lieu of or as the functional equivalent of an injunction supports an award of costs and actual attorney fees under the statute. In Ridenour, the plaintiff sought to enjoin the defendant from holding a closed meeting. Although the trial court determined that the defendant’s proposed conduct would violate the OMA, it determined that injunctive relief was not necessary in light of the defendant’s promise that it would comply with the trial court’s decision. Ridenour, 111 Mich App at 801. Despite the trial court’s decision to deny the plaintiffs request for injunctive relief on that basis, it granted the plaintiffs request for costs and attorney fees under MCL 15.271(4), reasoning that the relief that the plaintiff obtained was “the equivalent of an injunction.” Id. at 801. On appeal, the Court of Appeals affirmed the award of costs and attorney fees explaining, “No matter how it is viewed, plaintiff received the relief he sought. The [trial court] agreed with plaintiffs position and gave a judgment in his favor.” Id. at 806.
Subsequent panels of the Court of Appeals have followed Ridenour, reasoning that, under MCL 15.271(4), “neither proof of injury nor issuance of an injunction is a prerequisite for the recovery of attorney fees under the OMA”; rather, under the language of *148 MCL 15.271(4), a “plaintiff need only ‘succeed in obtaining relief in the action,’ ” and, therefore, declaratory relief, as a form of relief, is necessarily sufficient. Herald Co, Inc v Tax Tribunal, 258 Mich App 78, 92; 669 NW2d 862 (2003), quoting MCL 15.271(4) (emphasis added).[2] Accordingly, for more than three decades, the Court of Appeals has repeatedly held that declaratory relief granted in lieu of an injunction or that is the functional equivalent of an injunction is sufficient to trigger an award of attorney fees and costs because, in *149 such cases, the plaintiff has “succeeded in obtaining relief in the action,” which is all that MCL 15.271(4) requires.
Despite the clear holdings of the Court of Appeals, the Legislature has not amended MCL 15.271(4) or otherwise taken any action to signal its disapproval of Ridenour and its progeny, even though the Legislature has made numerous amendments to other provisions of the OMA. I continue to find relevant the well-established presumption that the Legislature is aware of statutory interpretations by this Court and the Court of Appeals. See Ford Motor Co v City of Woodhaven, 475 Mich 425, 439-440; 716 NW2d 247 (2006); Gordon Sel-Way, Inc v Spence Bros, Inc, 438 Mich 488, 505-506; 475 NW2d 704 (1991).[3] Consequently, in my view, the Legislature’s silence on this topic since 1981 is a strong indication that the Court of Appeals has properly effectuated the Legislature’s intent, in accordance with that primary goal of statutory interpretation. In re MCI Telecom Complaint, 460 Mich 396, 411; 596 NW2d 164 (1999); Craig v Larson, 432 Mich 346, 353; 439 NW2d 899 (1989). While the Legislature may not he required to “cumbersomely repeat language that is sufficiently incorporated into a statute,” Robinson v Lansing, 486 Mich 1, 16-17; 782 NW2d 171 (2010), the Legislature also unquestionably has the ability to correct judicial interpretations that it believes are contrary to its intent. The fact that the Legislature has long acquiesced to Ridenour and its progeny, despite numerous intervening amendments to the OMA, is, in my opinion, compelling.[4]
*150 Indeed, the interpretation of the statutory language in Ridenour and its progeny is consistent with the purpose of MCL 15.271(4) and the history of the OMA, both of which are relevant considerations in discerning the Legislature’s intent. In re Certified Question, 433 Mich 710, 722; 449 NW2d 660 (1989); Booth, 444 Mich at 223-224. To begin, it is entirely reasonable to presume that public bodies will adhere to the law as declared by a court. Cf. Straus v Governor, 459 Mich 526, 532; 592 NW2d 53 (1999) (noting that declaratory relief is generally sufficient to induce the legislative and executive branches to comply with the law); Florida v US Dep’t of Health & Human Servs, 780 F Supp 2d 1307, 1314, 1316 (ND Fla, 2011) (noting the longstanding presumption that federal officials will follow the law as declared by a court). In fact, a judgment for declaratory relief constitutes a binding and conclusive adjudication of the rights and status of the litigants. Black’s Law Dictionary (6th ed). Thus, a declaratory judgment has the force and effect of a final judgment. MCR 2.605(E). It is a “real judgment, not just a bit of friendly advice,” and, as one court has noted, those who try to evade it will likely “come to regret it.” US Dep’t of Health & Human Servs, 780 F Supp 2d at 1316, quoting Badger Catholic, Inc v Walsh, 620 F3d 775, 782 (CA 7, 2010).[5] “If it were otherwise, a . . . declaratory judgment *151 would serve no useful purpose as a final determination of rights.” Id. (quotation marks omitted). See, also, MCR 2.605(F) (“Further necessary or proper relief based on a declaratory judgment maybe granted . . ..”). Consequently, in the context of public bodies, a judgment for declaratory relief is the “functional equivalent of an injunction.” US Dep’t of Health & Human Servs, 780 F Supp 2d at 1314 (citations and quotation marks omitted).[6] As a final order, a declaratory judgment acts to restrain public bodies from further noncompliance with the OMA, consistent with the overall purpose of MCL 15.271. Accordingly, as Ridenour explained, although a plaintiff might not receive relief in the form of an injunction, the receipt of a declaratory judgment upon the finding of an OMA violation is the functional equivalent of one. Ridenour, 111 Mich App at 806. Although that might not be the case in a context other than the OMA, considering the purpose of MCL 15.271 and the OMA generally, I believe that Ridenour and its progeny clearly effectuated the intent of the Legislature by concluding that obtaining a judgment for declaratory relief is “succeeding] in obtaining relief in the action.” See MCL 15.271(4).
In contrast to Ridenour and its progeny, the majority’s interpretation undermines the OMA’s enforcement provision and the purpose of the OMA, generally. In addition to mandating formal injunctive relief before costs and attorney fees can be awarded, the majority *152 now clarifies that an “ongoing violation” is also a prerequisite to obtaining costs and attorney fees under the OMA. Consequently, the majority opinion effectively gives a public body at least one free pass at violating the OMA because, without more, the public body’s violation of the OMA, no matter how substantial, is presumably not “ongoing.”[7]1 do not believe that the majority’s apparent interpretation is what the Legislature intended when it adopted legislation aimed at promoting a “new era” of governmental accountability and public access to governmental decision-making. Booth, 444 Mich at 222-223.
Further, under the majority’s interpretation of MCL 15.271(4), even if a lawsuit may be brought to enforce the interests of the public at large, there is no incentive for the public body not to contest the plaintiffs interpretation of the statutory provisions through vigorous *153 litigation. After all, upon the trial court’s adverse ruling, the public body need only concede defeat to preclude injunctive relief. See Wexford Co Prosecutor v Pranger, 83 Mich App 197, 205; 268 NW2d 344 (1978) (affirming declaratory relief based on a violation of the OMA, but vacating an injunction, reasoning that there was no “real and imminent danger of irreparable injury” when the defendants acted in good faith); Nicholas v Meridian Charter Twp Bd, 239 Mich App 525, 534; 609 NW2d 574 (2000) (“Where there is no reason to believe that a public body will deliberately fail to comply with the OMA in the future, injunctive relief is unwarranted.”). Under the majority’s interpretation, such a concession will preclude an award to the plaintiff for his or her costs of pursuing the litigation even though, as previously explained, a grant of declaratory relief is generally sufficient to make the violation known to the public body and restrain it from further violating the OMA, which is consistent with the purpose of MCL 15.271(4) and the purpose of the OMA generally.
Of particular importance is that, in enacting MCL 15.271(4), the Legislature granted individual citizens the right to pursue remedies for OMA violations rather than rely solely on the Attorney General or county prosecutors. By doing so, the Legislature seems to have implicitly recognized that there would be times when members of the executive branch could not, or would not, act and that, in those instances, the overriding concern for governmental accountability mandates the availability of causes of action brought by private citizens. In light of the Legislature’s choice to allow private citizen suits to pursue remedies for procedural OMA violations,[8] which vindicate the rights of the public at *154 large, I cannot conclude that the Legislature intended to limit this right to the small portion of the population that is capable of pursuing such actions at their own personal expense. See Nemeth v Abonmarche Dev, Inc, 457 Mich 16, 47; 576 NW2d 641 (1998) (CAVANAGH, J., concurring in part and dissenting in part). The result of the majority’s decision is that the ability of private citizens to bring OMA complaints will, in all likelihood, be severely curtailed. To penalize private citizens and, consequently, the public at large, simply because relief comes in the form of a declaratory judgment, rather than injunctive relief, elevates form over substance when, as explained earlier, there is little practical difference between the two forms of relief in this context. Consequently, I do not believe that the Legislature intended the majority’s interpretation of MCL 15.271(4), which undermines the OMA’s purpose.
In this case, plaintiff requested both injunctive and declaratory relief and was ultimately awarded the latter. Because declaratory relief is sufficient to trigger attorney fees and costs under MCL 15.271(4), I would hold that plaintiff is entitled to costs and attorney fees, consistent with Ridenour and its progeny.
In light of the language, history, and purpose of the act, I cannot agree with the majority’s decision to cast aside 33 years of precedent and erroneously write into the OMA a requirement that the Legislature did not intend—i.e., that a party must obtain formal injunctive relief as a prerequisite to an award of costs and attorney fees under MCL 15.271(4). Because I believe that more than three decades of precedent properly interpreted and effectuated the Legislature’s intent, I respectfully dissent.

 See Sunshine or Shadows, 1977 Det C L Rev at 617 (“Concern for public access to governmental decision-making is not new. . . . [T]he importance of government being open and accessible was established very early in this country.”).

 See, also, Menominee Co Taxpayers Alliance, Inc v Menominee Co Clerk, 139 Mich App 814; 362 NW2d 871 (1984) (holding that the absence of a formal injunction does not preclude the plaintiff from recovering costs and attorney fees under MCL 15.271(4)); Schmiedicke v Clare Sch Bd, 228 Mich App 259, 267; 577 NW2d 706 (1998) (holding that the “legal remedy of declaratory relief is adequate” to trigger an award of attorney fees and costs under MCL 15.271(4)); Manning v East Tawas, 234 Mich App 244, 253-254; 593 NW2d 649 (1999) (expressly rejecting the notion that a failure to either grant injunctive relief or order future compliance with the OMA precludes an award of costs and attorney fees, reasoning that a finding that the OMA was violated constitutes declaratory relief, which is sufficient to entitle the plaintiff to an award of costs and attorney fees under MCL 15.271(4)); Nicholas v Meridian Charter Twp Bd, 239 Mich App 525, 535; 609 NW2d 574 (2000) (holding that a declaratory judgment entitles a plaintiff to actual attorney fees and costs under MCL 15.271(4), “despite the fact that the trial court found it unnecessary to grant an injunction given defendants’ decision to amend the notice provision after plaintiffs filed the present suit”); Kitchen v Ferndale City Council, 253 Mich App 115, 127-128; 654 NW2d 918 (2002) (“Costs and fees are mandatory under the OMA when the plaintiff obtains relief in an action brought under the Act” because “[t]he plain language of [MCL 15.271(4)] simply states that plaintiffs need only ‘succeed!] in obtaining relief in the action’ in order to recover court costs and attorney fees”) (citation omitted); Morrison v East Lansing, 255 Mich App 505, 521 n 11; 660 NW2d 395 (2003) (noting that the trial court properly granted the plaintiffs attorney fees and other costs because, “[w]here a trial court declares that the defendants violated the OMA, but finds it unnecessary to grant injunctive relief, the plaintiffs are entitled to actual attorney fees and costs”); Craig v Detroit Pub Sch Chief Executive Officer, 265 Mich App 572, 580; 697 NW2d 529 (2005) (stating that “[t]he imposition of attorney fees is mandatory upon a finding of a violation of the OMA”).

 See, also, Autio v Proksch Constr Co, 377 Mich 517, 546; 141 NW2d 81 (1966) (Black, J., dissenting) (noting the “constantly employed axiom” that “the legislature enacts with the Court’s interpretational decisions in one hand as it writes and votes with the other”).

 While some members of this Court undoubtedly disagree with the doctrine of legislative acquiescence, I continue to believe that the doctrine, which has a deep-rooted history in Michigan, remains a valid *150 interpretive aid. See McCahan v Brennan, 492 Mich 730, 757 n 22; 822 NW2d 747 (2012) (Marilyn Kelly, J., dissenting); Karaczewski v Farbman Stein & Co, 478 Mich 28, 53-54; 732 NW2d 56 (2007) (Marilyn Kelly, J., dissenting).

 Indeed, the evasion of a court’s judgment might trigger other enforcement provisions of the OMA, further supporting the conclusion that declaratory relief, in the context of the OMA, acts to restrain noncompliance with the OMA. See MCL 15.272(1) (“A public official who intentionally violates this act is guilty of a misdemeanor punishable by a fine of not more than $1,000.00.”); MCL 15.273(1) (“A public official who intentionally violates this act shall be personally liable in a civil action for *151 actual and exemplary damages of not more than $ 500.00 total, plus court costs and actual attorney fees to a person or group of persons bringing the action.”).

 See, also, id. at 1316 (referring to a declaratory judgment against governmental officials as a “de facto injunction”); California v Grace Brethren Church, 457 US 393, 408; 102 S Ct 2498; 73 L Ed 2d 93 (1982) (“[Tjhere is little practical difference between injunctive and declaratory relief....”).

 The majority does not elaborate on the meaning of “ongoing violation.” However, to the extent that the majority opinion could be read to suggest that a plaintiff cannot bring suit under MCL 15.271 if the OMA violation is already complete at the time suit is filed, that result is inconsistent with decades of precedent. See Wexford Co Prosecutor v Pranger, 83 Mich App 197, 204; 268 NW2d 344 (1978) (“Insofar as the declaratory judgment finds the closed session of May 9,1977, in violation of the open meetings statute, we affirm”); Nicholas, 239 Mich App at 535 (“Here, the trial court declared that defendants violated the OMA. This constitutes declaratory relief, thus entitling plaintiffs to actual attorney fees and costs despite the fact that the trial court found it unnecessary to grant an injunction given defendants’ decision to amend the notice provision after plaintiffs filed the present suit”). Such a conclusion would also preclude most OMA actions that are brought under MCL 15.271(4) to challenge the alleged erroneous procedures used by a public body. Notably, those actions ultimately assist in bringing clarity to the OMA’s requirements, thereby reducing future violations and furthering the OMA’s purpose. I imagine that most citizens will not have time to run to the doors of a courthouse the moment a public body makes an erroneous decision to conduct its meeting in secret or in violation of the OMA’s notice requirements. But, under the majority’s apparent interpretation, this may now be required.

 Compare MCL 15.270 (permitting a private citizen to seek the invalidation of a public body’s decision upon a violation of the OMA) with *154 MCL 15.271 (generally permitting private citizens to seek compliance with the procedural requirements of the OMA, rather than the invalidation of a public body’s decision).